FRANCIS M. W. PRICE ET AL., APPELLANTS, v. CITY OF LINCOLN ET AL., APPELLEES.

FILED MARCH 27, 1919.    No. 20208.

1. **Municipal Corporations: PAVING: INTERSECTION.** Under section 4524, Rev. St. 1913, the term "intersections" as applied to streets means that space occupied by two streets at the point where they cross each other.

2. ———: ———: PETITION. When a petition to pave a certain street by its terms refers to the number of a paving district created by ordinance, such petition will be held to relate to the paving district as created.

3. ————: BOARD OF EQUALIZATION: NOTICE. "A notice of the sitting of the city council as a board of equalization for the purpose of equalizing a proposed special assessment, correcting errors, hearing complaints, etc., is sufficient if it comply substantially with the provisions of the statute requiring such notice." *Medland v. Linton*, 60 Neb. 249.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*W. T. Thompson* and *F. M. W. Price*, for appellants.

*C. Petrus Peterson* and *Charles R. Wilke*, contra.

DEAN, J.

Plaintiffs sought to enjoin the city of Lincoln from proceeding to collect a paving assessment levied upon certain city real estate owned by them. The suit was dismissed, and plaintiffs appealed.

The record consists of the pleadings, the court's special findings of fact and conclusions of law, and the judgment. A bill of exceptions has not been filed. Plaintiffs concede that the findings of fact are "warranted by the evidence," but they except to the conclusions of law.

Ordinance No. 873, creating paving district No. 190, provides generally, among other things, that the district "shall include that part of Washington street from the west line of Seventh street to the east line of Sixteenth street." The ordinance then describes by metes and bounds the property in the district subject to assessment, including that of plaintiffs, and continues: "Grading to be from lot line to lot line. The width of the roadway to be paved in said district shall be 30 feet, and the cost of the paving the same including the cost of paving the intersections shall be assessed against the property in said district benefitted in proportion to the benefits not exceeding the cost of paving."

Under the ordinance and pursuant to the petition. Washington street, that extends east and west, was

paved from the east line of Seventh street to the east
line of Sixteenth street, and, as pointed out in plain-
tiffs' brief, "the city council caused to be guttered,
curbed and paved a thirty-foot roadway on each side
of the thirty-foot roadway on Washington street, on
Eighth, Ninth, Twelfth, Thirteenth, Fourteenth and
Sixteenth streets from lot line to lot line and on Tenth
street a roadway paved forty feet wide from lot line
to lot line, and that the cost of this extra work was
$2,881.72."

The argument of plaintiffs is that the ordinance
contemplates a continuous pavement from Seventh to
Sixteenth street of a uniform width of thirty feet. We
are unable to so construe the language of the ordinance.
The term "intersections," as applied to streets, is
defined as "the space occupied by two streets at the
point where they cross each other." , *City of Crowley
v. Police Jury of Acadia Parish,* 138 La. 487. Under
plaintiffs' construction of the ordinance the words,
"including the cost of paving the intersections," would
be meaningless.

Plaintiffs say the petition is insufficient, and argue
that "there is a material variance between the ordi-
nance creating and defining the district and the peti-
tion praying for the work." The validity of the ordi-
nance is conceded. The ordinance provides "that pav-
ing district No. 190" shall extend "from the west line
of Seventh street to the east line of Sixteenth street."
The petition prays that Washington street be paved
"from Seventh to Sixteenth street in paving district No.
190." The language of the petition adopts the bound-
aries of paving district No. 190. It is obvious from
an examination of the record that in this respect
plaintiffs have no just cause for complaint.

Plaintiffs say that the notice of the sitting of the
council as a board of equalization is invalid because it
was a blanket notice and designates, not only district
No. 190, but five or six other districts as well. Inas-

much as paving district No. 190 is the first one named in the notice, we do not see how plaintiffs were prejudiced. In support of their contention they cite *Ambler v. Patterson*, 80 Neb. 570, 575, and *Patterson v. Reiter,* 91 Neb. 56. These cases do not seem to be in point. The blanket notices there referred to were with respect to suits under the "Scavenger Act," and it was held that, as each tract involved a separate suit, the notices should therefore be separate. The notice in the present case seems substantially to comply with the requirements of section 4535, Rev. St. 1913. *Medland v. Linton*, 60 Neb. 249.

Among other things, the court found that plaintiffs, having failed to appeal from the action of the board of equalization, were therefore estopped from maintaining this action and from attacking collaterally the proceeding therein. It is not necessary to decide this point because of the view we have taken upon the merits.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

LETTON and CORNISH, JJ., not sitting.