## TAYLOR v. POPULAR DRY GOODS CO.
### (No. 2220.)

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1928.

Rehearing Denied Nov. 1, 1928.

C. M. Wilchar, of El Paso, for appellant.
Kemp & Nagle, of El Paso, for appellee.

HIGGINS, J. Appellee, Popular Dry Goods Company, owns and operates a department store in the city of El Paso. It built and owns the building in which the business is conducted.

On December 1, 1927, appellant Taylor was in the store upon a proper mission. While there, upon the mezzanine floor, some plaster fell from the ceiling and struck him on the head. He brought this suit against appellee to recover damages for the personal injury thus sustained.

The case was submitted upon the general issue. Verdict was returned in favor of appellee, and judgment so rendered.

Omitting definitions, instruction as to the burden of proof, and measure of damages, the court charged the jury as follows:

"4. You are charged that a mercantile company, such as the defendant, is not an insurer of the safety of those entering in or upon its premises upon its express or implied invitation, but it does owe the legal duty to one so entering to use ordinary care to keep and maintain such premises in a reasonably safe condition, and a failure to use ordinary care to the end named would be negligence on its part, and if one so entering is injured as a proximate result of such negligence, if any, on the part of such company, it would be liable in damages therefor."

"6. Now, therefore, if you find from a preponderance of the evidence that plaintiff, on or about the 1st day of December, 1927, was struck by falling plaster in the place of business of defendant, and that defendant was negligent in failing to use ordinary care, if it did so fail, to keep and maintain its said premises in a reasonably safe condition for those entering therein on business, if same were not reasonably safe, and as a proximate cause of such negligence, if such negligence there was, plaintiff suffered any of the injuries complained of in his petition, then your verdict will be in favor of the plaintiff, but unless you so find from a preponderance of the evidence your verdict will be in favor of the defendant."

And a supplemental charge which reads:

"You are instructed that the defendant is not liable for damages for injuries occasioned by concealed defects of which it did not know and which could not have been discovered by the exercise of ordinary care.

"You are therefore instructed that even if you believe that the plaster was defective and liable to fall, but such defect was not known to defendant, and was not apparent and could not be discovered by the exercise of ordinary care, then and in such event, if you so find, you are instructed that the defendant would not be liable therefor, and your verdict will be for the defendant."

No additional instructions were requested. ■ It is first contended the verdict and judgment is contrary to the law and evidence, in that plaintiff was an invitee upon premises under the control and management of defendant, and was there injured by the falling plaster, wherefore the doctrine of res ipsa loquitur applies, and the burden of showing that the accident was without negligence upon its part devolved upon defendant, which it failed to do, but, upon the contrary, the un-

disputed evidence shows defendant was charged with knowledge that the plaster on the ceiling was dangerous and might fall at any time.

The doctrine of res ipsa loquitur has been frequently applied in cases of injury from falling objects and substances. 20 R. C. L. 191; 29 Cyc. 593; S. W. Tel. & Tel. Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799.

We agree with appellant that the doctrine applies here, and a case of negligence prima facie was presumptively established against the defendant by the falling of the plaster, unless explained. The presumption of negligence arising in such cases is not conclusive, and we cannot agree with appellant in the view which he has of the evidence upon the issue.

It was shown by L. S. Glaser that the building was constructed by Otto Kruger in 1916, for whom he acted as superintendent of construction; the building was of reinforced concrete, which is recognized as of the best character for large public buildings; that it was a well-built building and the plaster applied to the ceiling in the latest approved method. Glaser's testimony is not contradicted by any witness.

It was also shown, by several employés of the defendant working in the immediate vicinity of the spot where the plaster fell, that they had never noticed any cracks, defects, or looseness in the ceiling.

■ Under this evidence the question of negligence vel non was clearly an issue of fact, and the finding of the jury thereon should not be disturbed.

Error is also assigned to the supplemental charge, the propositions in support of the assignment reading:

First. "Where defendant's building superintendent knew at the time the building was constructed that no way had been discovered to keep plaster from falling when applied directly to concrete, defendant was charged with notice thereof and would not be entitled to a charge on concealed defects, and the giving of said charge was improper and misleading."

Second. "The giving of said charge is not sustained by the pleadings or evidence in that defendant had notice that plaster might fall when attached to concrete and to give such charge when the defect was concealed with such notice was highly prejudicial and misleading and permitted defendant to take advantage of its own wrong."

Third. "Defendant's supplemental charge given by the court was erroneous in instructing the jury that defendant would not be liable for concealed defects, of which it did not know, and could not have been discovered by the exercise of ordinary care and in instructing them to find for the defendant if they found the defect was so concealed, because it precluded the plaintiff from recovering for defendant's affirmative acts of negligence, if the jury found that the defect was concealed."

In addition to what has been stated above, the witness Glaser testified:

"Up to the present time there has no one yet found an adhesive that would be a positive adhesive between concrete and plaster. The Gypsum Plaster Manufacturing Company are working on it all the time, and have been up to this time, they have not developed one that has proven satisfactory. It is a fact that in buildings built in the most approved way, and with the best skill, plastering will occasionally work loose without there being any evidence of it until it fall. There was no faulty construction in the ceiling of that mezzanine floor. * * * I said there has been no positive method found to keep plastering from falling when applied direct to a concrete ceiling. The plastering was applied directly in this case to the concrete ceiling. Sometimes plastering applied directly to a concrete ceiling falls and then again it does not, you have no way of knowing. It does not generally fall. It is the type of building usually constructed in that manner."

■ The effect of the first two propositions is that because no unfailing way had been discovered to prevent plaster from falling when directly applied to a concrete ceiling, defendant was charged with knowledge of that fact, and therefore guilty of negligence as a matter of law in using such a ceiling, and was therefore not entitled to a charge upon concealed defects. It is altogether inadmissible to say that the use of such a ceiling is negligence as a matter of law. The use of plaster in buildings of all kinds is well known. It is a matter of common knowledge, too, that such plaster will sometimes fall from walls and ceilings. It is a commonly used building material, and Glaser testified that the plaster was properly applied in the latest approved method, and that such plaster does not generally fall. In this state of the evidence, whether the use of plaster for a ceiling was negligence was certainly an issue of fact, and the testimony of the employés above noted tending to show that there were no apparent cracks, defects, or looseness in the ceiling, raised the issue of a concealed defect; hence a charge upon such issue was called for and properly given.

■ With respect to the third objection to the supplemental charge, it is well settled that this charge is to be considered in connection with the main charge and the whole construed together. It is not to be presumed, in the absence of anything to support such presumption, that the jury considered the supplemental charge to the exclusion of the sixth paragraph of the main charge affirmatively submitting the right of the plaintiff to recover. Freiberg v. Johnson, 71 Tex. 558, 9 S. W. 455.

The supplemental charge is not subject to the objection presented by the third proposition.

This disposes of all propositions submitted. The case is purely one of fact upon the issue of negligence as well as whether any substantial injury was sustained by the plaintiff. The medical testimony all tends strong-

ly to show his injury was trival and of no consequence.

The case was fairly tried, the verdict was adverse to plaintiff, and no reversible error is presented by the assignments and propositions submitted.

Affirmed.