## GETZWILLER v. FERGESON.

### No. 5232.

Court of Civil Appeals of Texas. Amarillo.

Dec. 9, 1940.

Grady L. Fox and John Merchant, both of Amarillo, for plaintiff in error.

James O. Cadé, of Amarillo, for defendant in error.

FOLLEY, Justice.

The plaintiff in error, Joe Getzwiller, hereinafter called plaintiff, filed this suit against the defendant in error, W. E. Fergeson, hereinafter called defendant, to recover damages for personal injuries suffered by plaintiff as a result of having been struck by a taxicab belonging to the defendant and driven by his employee in the course of his employment.

The injuries occurred on Christmas morning, 1938, at about 1:30 A. M. At the time he was struck plaintiff was "jaywalking" north across West Sixth Avenue in the City of Amarillo, Texas, some 75 feet east of the intersection of such avenue with Van Buren Street. He was hit by defendant's taxicab which was travelling east along Sixth Avenue. The place the plaintiff attempted to cross the avenue was immediately in front of the Angelus Hotel which is on the south side of the avenue. Several automobiles were parked at the south curb in front of the hotel. Behind these parked cars was another taxicab belonging to the defendant momentarily double-parked with a lady passenger. The plaintiff walked out north from between or near the parked cars and proceeded on in front of the double-parked taxicab and just as he had passed the middle of the avenue he was struck by defendant's other taxicab traveling east which was apparently attempting to pass around north of the double-parked taxicab.

In a trial before a jury the defendant was found guilty of three specific acts of negligence, each of which was found to have been a proximate cause of the injuries. These acts of negligence were that the defendant's driver was driving on the left-hand side of the avenue, that he was driving in excess of 20 miles per hour, and that he failed to keep a proper lookout for pedestrians. The jury also found the plaintiff guilty of contributory negligence in under-

taking to walk across the avenue at a point east of the crosswalk at the intersection and that such negligence was a proximate cause of his injuries. In response to another issue the jury found that plaintiff did not fail to keep a proper lookout for his own safety on the occasion in question. Upon this verdict the court rendered judgment for the defendant.

■ The plaintiff presents several assignments of error and propositions based thereon seeking to reverse the judgment of the trial court. Such assignments and propositions are not supported by any statement from the record as required by law and the rules for briefing. Therefore, unless fundamental error is apparent, they are not entitled to consideration. 3 Tex.Jur. 849, para. 621; Young v. Harbin Citrus Groves, Inc., et al., Tex.Civ.App, 130 S.W.2d 896, writ of error refused; Commercial Inv. Co. of Uvalde v. Graves et al., Tex.'Civ.App., 132 S.W.2d 439, writ of error refused; National Liberty Ins. Co. v. Herring Nat. Bank of Vernon, Texas, Tex.Civ.App., 135 S.W.2d 219; Carle Oil Co., Inc. v. Owens, Tex.Civ. App., 134 S.W.2d 411; Ohmart v. Highbarger et al., Tex.Civ.App., 43 S.W.2d 975, writ of error refused; Ellerd v. White et al., Tex.Civ.App., 251 S.W. 274; Threadgill et ux. v. Fagan, Tex.Civ.App., 64 S.W.2d 405.

However, if such assignments and propositions had been sufficiently presented we have determined they are without merit; and this we shall briefly attempt to demonstrate.

The assignments and propositions may be grouped into two general contentions, namely: (1) that the evidence was insufficient to support the finding relative to plaintiff's contributory negligence and (2) that there was a material conflict in the findings of the jury relative to plaintiff's alleged contributory negligence.

■ In answer to the first contention we deem it sufficient to state that the testimony, in our opinion, amply supports the findings that the plaintiff was negligent in undertaking to cross the street at the point he did and that such negligence was a proximate cause of his injuries. In this connection, however, the plaintiff asserts the court erred in admitting in evidence a copy of a city ordinance of the City of Amarillo prohibiting "jaywalking". No objection was made to its introduction by the plaintiff in the trial court. Furthermore, under the record, we

think this matter becomes immaterial. The plaintiff was shown to have been a policeman for the City of Amarillo for 8 or 9 years and to have been a night watchman at the time of his injuries and for 7 or 8 years prior thereto. He testified he knew that it was a violation of a city ordinance to cross the street at the place and in the manner he was attempting to cross at the time he was hit. Moreover, the trial court did not rely upon the ordinance as convicting the plaintiff of negligence per se but submitted such issue to the jury. We overrule this assignment.

■ The second contention of the plaintiff with reference to the alleged conflict is based upon the finding that the plaintiff was negligent in undertaking to walk across the avenue at the point east of the crosswalk at the intersection and the other finding that the plaintiff did not fail to keep a proper lookout for his own safety on the occasion in question.

We are of the opinion these findings were independent issues of fact raised by the pleadings and the evidence and are not irreconcilable. The true test of a conflict in findings is succinctly stated in Speer's Special Issues, para. 431, in the following language: "The conflict in findings that destroys the verdict is that irreconcilable difference of findings with respect to an indispensable fact in issue in the case where both findings cannot be true, but one or the other must of necessity be false". Measured by such a rule there is no inconsistency in the finding that plaintiff was negligent in undertaking to cross the street at the point he did and the finding that he did not fail to keep a proper lookout for his own safety on the occasion in question. We think these findings may be harmonized upon the theory that the plaintiff negligently placed himself in a hazardous situation after which he kept a proper lookout while in the danger zone. But the mere fact that a person keeps a proper lookout under such conditions is no justification or excuse for his having theretofore entered into the place of peril nor would a proper lookout under such circumstances necessarily prevent the reception of injuries by reason of his negligent conduct in the first instance. Any construction to the contrary would be tantamount to holding that a person might negligently place himself in a position of peril and be excused from such negligence provided he thereafter kept a proper lookout. Such could not be the law. The contention in this respect is therefore

overruled. Thrush et al. v. Lingo Lumber Co., Tex.Civ.App., 262 S.W. 551, writ of error refused.

The judgment is affirmed.