### MEACHAM et ux. v. LYLES.
### No. 5825.

Court of Civil Appeals of Texas. Amarillo.
Nov. 17, 1947.

Rehearing Denied Dec. 15, 1947.

E. T. Miller and W. F. Nix, both of Amarillo, and W. J. Bragg, of Memphis, for appellants.

Hamilton & Deaver, of Memphis, for appellee.

LUMPKIN, Justice.

The appellants, C. V. Meacham and wife, brought this action against the appellee, A. L. Lyles, for the specific performance of a sales contract involving several tracts of land situated in Hall County, Texas. To appellants' original petition the appellee urged the exception that the pleadings showed on their face that the contract in question was null and void. After examining a copy of the contract, which was attached to the appellants' petition, the trial court sustained the exception. The appellants were given an opportunity to amend their pleadings, but when they failed to do so, the cause was dismissed. To this action of the court the appellants duly excepted and gave notice of appeal.

The record reveals that on August 23, 1947, the transcript in this case was filed in this court; that on September 8, 1947, this court notified each of the attorneys of record that the case was set for submission on November 3, 1947; that on October 14, 1947, or fifty-two days after the transcript was filed, the appellants' brief, together with a motion for leave to file brief, was tendered the clerk; and that on October 30, 1947, finding that the appellants had failed to show good cause for not presenting their brief within the thirty-day period as prescribed by Rule 414 as amended, Texas Rules of Civil Procedure, this court overruled the appellants' motion for leave to file brief.

On November 3, 1947, the appellee filed a brief and appeared by counsel. We have examined the trial court's judgment and find it can be affirmed under the view presented by the appellee in his brief. The record shows no reversible error. Pursuant to Rule 416, Texas Rules of Civil Procedure, without further examination of the record, we affirm the judgment of the trial court. Guaranty Old Line Life Ins. Co. v. Leonard, Tex.Civ.App., 109 S.W.2d 1091; Letcher v. State, Tex.Civ.App., 134 S.W.2d 341; Bute v. Ruland et al., Tex. Civ.App., 158 S.W.2d 854.