## MADDOX et al. v. ELLISON.
### No. 6145.

Court of Civil Appeals of Texas. Amarillo.
March 26, 1951.

Rehearing Denied April 9, 1951.

R. E. Underwood, Jr., Amarillo, for appellants.

Boling, Smith & Allen, Lubbock, for appellee.

PER CURIAM.

Appellee, R. C. Ellison, Jr., filed this suit as plaintiff against W. A. Maddox, W. V. Maddox, Berlyn Haught, Estle Haught and Lon A. Mullican, as defendants, for damages in the sum of $17,966 by reason of an alleged breach of a farm rental contract. Defendants answered joining issues with appellee as plaintiff, the case was tried to a jury and judgment was rendered on August 10, 1950, upon the verdict for appellee as plaintiff for the sum of $3,675.08 against defendants, W. A. Maddox, W. V. Maddox, Berlyn Haught and Estle Haught. Lon A. Mullican was discharged

of any and all liability by the trial court. Defendants, W. A. Maddox, W. V. Maddox, Berlyn Haught and Estle Haught, filed a motion for a new trial, which was overruled by the trial court on October 11, 1950, and an appeal was perfected to this court by them and they will be hereafter referred to as appellants.

On December 9, 1950, appellants timely tendered the transcript and statement of facts to the clerk of this court and they were both filed in this court on that date. All interested parties were notified of such filing. On January 8, 1951, all parties were notified that the case was set for submission on March 5, 1951. On February 27, 1951, appellee filed his brief in this case notwithstanding the fact that appellants had not filed a brief or attempted to show good cause why such had not been filed. On March 5, 1951, the day the cause was set for submission, appellee's counsel appeared and made his argument urging that the trial court's judgment be affirmed. During the argument of appellee's counsel, appellants' counsel appeared in court and at the conclusion of the argument of appellee's counsel he was given an opportunity to state his position in the matter. He orally stated that no brief for appellants had been filed or tendered for filing; that in his opinion fundamental error had been committed by the trial court in rendering judgment upon conflicts in answers by the jury to special issues numbers 13, 14 and 15 and without pleadings to support such a judgment; and that he was then having prepared a written argument to that effect, which he would later tender for filing, together with a motion requesting that such be filed. Thereafter on the same day appellants' counsel tendered his purported written argument, labeled as such, accompanied by a motion to file. Appellee protested both orally and in writing the filing of appellants' purported written argument and charged, in effect, that such was a mere brief disguised as an alleged written argument and tendered too late to be filed under the rules of procedure for filing such. Appellee further contends that the record shows no reversible error committed by the trial court and its judgment should be affirmed by this court under the provisions of Rule 416, Texas Rules of Civil Procedure, as interpreted by this court in the case of Meacham v. Lyles, Tex.Civ. App., 206 S.W.2d 881, writ refused no reversible error. Rule 416 authorizes this court to accept appellee's presentation of the case as correct and affirm the trial court's judgment without examining the record in the case when appellant has failed to file a brief as required by Rules 414 and 415 and appellee had complied with the rules by filing a brief in the case.

An examination of appellants' purported written argument reveals that it is addressed to this court, styles the case, makes a statement of the nature of the case under a heading "Statement of the Case" and thereafter presents "Point I" followed by "Point II", charging error separately, supported by argument and authorities cited.

Applying the requirements for filing a brief by appellant as found in Rule 418, the purported written argument appears to be a brief notwithstanding its label to the contrary. Rule 414 requires appellants to file a brief within 30 days after the record is filed, or file a motion asking for further time and showing good cause for delay. Appellants' instrument, which we consider a brief, was tendered for filing 86 days after the record was filed and 56 days after his time for filing the same had expired. No attempt has been made to show why appellants did not tender a brief as required by the rules of procedure in such cases. Appellants' motion to file the instrument labeled "Written Argument", but in fact is a brief as we construe it, is overruled and the filing of the same is denied.

However, because of appellants' charges of fundamental error made orally by their counsel in open court, the record has been carefully examined by this court to determine if such be true. Appellants contended that special issue number 15 and the answer thereto conflicts with special issues numbers 13 and 14 and the answers thereto. Special issue number 13 inquired as to how many bushels of wheat a certain farm would have probably produced according

to a preponderance of the evidence for the crop year 1948–1949 and the jury answered 6066. Special issue number 14 inquired as to what the price of the wheat per bushel would have been according to a preponderance of the evidence at Shallowater, Texas, at the close of the said crop year and the jury answered $1.85 per bushel. Special issue number 15 inquired as to the amount of reasonable damages appellee sustained as a result of the loss of a wheat crop for the said crop year and in connection therewith the trial court gave instructions as to the measure of damages and the various elements to be considered in arriving at a proper reasonable damage. The jury answered $3,675.08.

In order for jury findings to conflict they must oppose each other and be such that they cannot both be true. They mutually destroy each other and amount to no finding. Kilgore v. Howe, Tex.Civ. App., 204 S.W.2d 1005; Steves Distributing Co. v. Newsom, Tex.Civ.App., 125 S.W. 2d 354, and other authorities cited by these cases. It appears to us that the issues and the answers thereto in the case at bar do not conflict and are not repugnant to each other. The findings here made in answer to special issues numbers 13 and 14 furnish a basis, under the instructions of the trial court, for an answer to special issue number 15. No fundamental error is therefore shown in the matter.

We do not agree with appellants' contention that the trial court's judgment is not supported by the pleadings. Appellee pleaded his cause of action alternatively but he alleged damages in the sum of $17,096. He further alleged that the reasonable costs of producing and harvesting the crop would not have exceeded $2,500 and that his earnings for the said year were around $1,200. The jury, after considering the evidence heard concerning the alleged damages, together with the trial court's instructions on the measure and elements of damage, found the same to be reasonably $3,675.08.

As a result of a careful examination of the record we do not find any fundamental error reflected therein. We have examined the trial court's judgment and find it can be affirmed under the view presented by appellee in his brief since the record shows no reversible error. Because of appellants' failure to file a brief as required by Rule 414 and pursuant to the provisions of Rule 416, without further examination of the record, we affirm the judgment of the trial court. Meacham v. Lyles, Tex.Civ.App., 206 S.W.2d 881, and other authorities there cited. Affirmed.