PARKER et al. v. TEXAS & P. RY. CO.

No. 2921.

Court of Civil Appeals of Texas.
Eastland.

Feb. 22, 1952.

Perry O. Barber, Colorado City, for appellants.

Mays & Perkins, Sweetwater, Thompson & Moore, Colorado City, for appellee.

## COLLINGS, Justice.

This is a damage suit for personal injuries brought by appellants, Mavis Kincheloe, nee Mavis Parker, Tollie Parker, as next friend of his minor son, Maurice Parker, against appellee, The Texas & Pacific Railway Company. It was alleged that Mavis Kincheloe, nee Parker, and Maurice Parker received such personal injuries on July 2, 1950, when the cross member of the 1949 Ford automobile in which they were riding collided with and hung on the south and outside rail of the side track of appellee's railroad at a public crossing just east of the town of Westbrook in Mitchell County, Texas. It was alleged that there were two sets of tracks running parallel to each other in a general east and west direction; the north set of tracks being the main line and the south set of tracks being the side track, and that appellants were travelling across said tracks in a southerly direction at a reasonable rate of speed when the accident occurred; that they were on a dirt farm road which crosses such tracks of the Texas & Pacific Railway from the north going south and that the said Texas & Pacific Railway Company has so carelessly and negligently operated and managed said crossing as to allow a high place to be accumulated between the main set of tracks and the side track, and a low place to come into existence between the rails of the side track; that as the plaintiffs' automobile passed over the first, or main set of tracks, and after the front part of the automobile passed over the first set of tracks, that by reason of the high place between the two sets of tracks, and the low place between the rails of the side track, the rear end of plaintiffs' automobile was elevated and the front end of their car was considerably lower than the rear end of their car. That due to the condition of the ground just described, and the sudden lurch which was caused by navigating said hazardous crossing, the front end of plaintiffs' car was further lowered by the said drop, and the springs in the front end were depressed and said front end became further lowered and was thereby caused to collide with the south rail of the side track, which said rail is higher than the north rail of the side track.

It was alleged that as the automobile the plaintiffs were riding in entered upon said crossing, and after it had passed the first set of tracks, the north or main set of tracks, and before the automobile had completely crossed the south set of tracks, or the side track, the cross member underneath the front of plaintiffs' car caught on the south rail of the south or side track, due to the high place in between the two sets of tracks, the low place between the rails of the side track, and the elevated position of the south rail of the side track. That the car the plaintiffs were riding in was brought to a sudden, immediate and complete stop by reason of the cross member catching the south rail of the tracks owned and so carelessly operated by the said defendant, The Texas & Pacific Railway Company.

The case was submitted to a jury which found in answer to special issues submitted (1) that the cross member of appellants' automobile collided with the south rail of the side track at the crossing in question, and, (2) that the crossing was on the occasion of the collision in reasonably safe condition for automobiles to pass over same. Based upon the jury verdict, judgment was rendered in favor of appellee railway company and that appellants take nothing. From such judgment, this appeal is brought.

Appellants urged that there was no evidence to support the jury finding that the crossing in question was in a reasonably safe condition for automobiles to pass over on the date of the collision or, in the alternative, that the evidence was insufficient to support such finding. They also urge that such finding was so contrary to the

952

overwhelming weight and preponderance of the evidence as to be clearly wrong and to manifest a gross miscarriage of justice.

▮ An examination of the record discloses that several witnesses testified that the rails of the south track were about even or, on approximately the same level with the fill in between such rails, and that the condition between the rails was smooth and without holes; that there was no appreciable ridge between the north and south tracks; that the distance between the two tracks was about thirteen and one-half feet. Pictures of the crossing in question which the testimony showed reflected the true condition of the crossing as it existed on the date of the collision were introduced in evidence. The pictures appeared to be consistent with and to support the jury finding. Witnesses testified to crossing the tracks regularly at or about the date of the collision and stated that they had no difficulty in passing over such crossing. In our opinion, this evidence as briefly summarized and the pictures introduced in evidence support the jury finding that the crossing in question was a reasonably safe one for automobiles to pass over at the time of the collision. Appellants' points complaining that there was no evidence to support the verdict and that the evidence was insufficient to support the verdict are overruled.

An examination of the record discloses some evidence that the crossing was an unsafe one. This evidence, however, when considered together with all the evidence of the case, does not so greatly outweigh and preponderate over the evidence which supports the jury finding that it can be said that such finding is clearly wrong and manifestly unjust. The point is overruled.

▮▮ We also overrule appellants' point to the effect that the finding of the jury in special issue No. 2 that the crossing was reasonably safe for automobiles to pass over was in conflict with the finding in issue No. 1 to the effect that the cross member of the front of appellants' automobile collided with the south rail on the side track of appellee's railroad at such crossing. The fact that the collision occurred does not establish negligence. Also, it is the duty of courts to so construe a jury verdict as to harmonize the answers to the special issues if a reasonable explanation thereof which will permit all to stand. Lewis v. Smith, Tex.Civ.App., 198 S.W.2d 598.

There was evidence that the make and model of the automobile in which appellants were riding was unusually low of construction and was unusually "springy." There was also evidence that an inspection of the south rail of the side track the day after the collision revealed that "about eighteen inches west of the crossing there had been some cars across the rail where there was not any fill in, off the crossing about a foot and a half," and that there was an indication of a collision by some object on the ground right up against the rail inside the track. This evidence tended to support the jury finding that the cross member of the automobile collided with the rail of the south track in a manner and way which is entirely consistent and in accord with the further finding that the crossing itself was reasonably safe. The jury might have believed and could have believed under the evidence that the collision was caused by the unusual low construction and "springiness" of appellants' car or they might have believed it was caused by a combination of such conditions and the further fact that appellants' automobile struck the rail while being operated off the filled in portion which served as the crossing of the tracks. All of these facts have support in the evidence. It is possible, under the evidence, for the answers to both issues to be true. There is no conflict in the jury finding.

The judgment of the trial court is affirmed.