**FORT WORTH & DENVER RAILWAY COMPANY et al., Appellants,**

v.

**Jack BRITTON, Appellee.**

**No. 15877.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1958.

Rehearing Denied March 14, 1958.

H. M. Muse, Wichita Falls, Tilley, Hyder & Law, and Thos. H. Law, Fort Worth, for appellant.

Jones, Parish & Fillmore and Russell Larry Robinson, Wichita Falls, for appellee.

BOYD, Justice.

Appellee Jack Britton recovered judgment for $30,000 against appellants Fort Worth & Denver Railway Company and Missouri-Kansas-Texas Railroad Company of Texas for injuries sustained when he was struck by a portion of the ceiling of appellants' depot waiting room, which fell while appellee was in the waiting room for the purpose of transacting business with appellants' ticket agent. The accident occurred on November 15, 1955.

Appellee alleged that his injuries were proximately caused by the negligence of appellants in that (1) they failed to adequately or properly brace and secure the ceiling; (2) they failed to timely replace the ceiling; (3) they failed to adequately

or properly inspect the ceiling; (4) they allowed moisture and water to accumulate on the upper side of the ceiling; (5) they failed to warn their patrons in general and appellee in particular of the dangerous condition of the ceiling; (6) they failed to renail the ceiling; and (7) they failed to provide a reasonably safe place where their patrons in general and appellee in particular could purchase railroad tickets and transact business in the passenger depot. In the alternative, appellee alleged that the building and ceiling were in the exclusive care, custody, and control of appellants, and the accident which occurred was of a type which was ordinarily averted by taking customary precautions and preventive measures; and that the ceiling would not have fallen without negligence on the part of appellants. He invoked the doctrine of res ipsa loquitur.

The jury found that: (1) appellants failed to adequately brace the ceiling prior to the accident; (2) they failed to replace the ceiling prior to the accident; (3) each of such omissions was negligence and a proximate cause of appellee's injuries; (4) they failed to renail the ceiling prior to the accident, but this was not negligence; (5) they failed to provide a reasonably safe place for the public to transact business with their passenger agents, which was negligence and a proximate cause; (6) the ceiling was in the exclusive management and control of appellants; (7) the jury answered "No" to the question whether they found from a preponderance of the evidence that appellants failed to make such an inspection of the ceiling as a reasonably prudent person would have made; and (8) the jury answered "No" to the question whether they found from a preponderance of the evidence that appellants were negligent in the manner in which they maintained the ceiling prior to the accident.

Appellants contend: (1) that appellee was a mere licensee and since appellants did not wilfully or wantonly injure him they were not liable; (2) it was error to overrule appellants' motion for judgment,

since any defects in the ceiling were hidden and unknown and appellants had committed the plan and construction of the building to a competent architect and builder and therefore they were not liable; (3) it was error to render judgment for appellee because it was found that appellants had properly maintained and inspected the ceiling at all times; (4) that, in the alternative, the findings that appellants were negligent in failing to provide a safe place for the public and in failing to brace and replace the ceiling were in irreconcilable conflict with the findings that appellants were not negligent in the manner in which they maintained and inspected the ceiling; and (5) it was error to admit a tape recording of the broadcast of a basketball game made by appellee eight months before the accident and twenty-three months before the trial without appellants' having the opportunity to examine the person who had recorded the broadcast.

We have no difficulty in reaching the conclusion that appellee was an invitee and not a mere licensee. Appellee was a radio sports announcer and was scheduled to broadcast a football game at Tyler on Friday after the Tuesday when the accident occurred; appellee's wife was to accompany him to Tyler, and at some point in East Texas she was to take a train to Knoxville, Tennessee. Appellee went to the depot for the purpose of inquiring about or securing a ticket for his wife from some point near Tyler to Knoxville; and if the ticket could not be purchased at Wichita Falls, it was his intention to learn where the ticket could be secured. The ticket agent testified that he could have sold him a ticket from Mineola, or some other point near Tyler, to Knoxville. He was clearly an invitee. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; 38 Am.Jur., p. 759, sec. 99.

Nor can we agree with appellants that they are exempt from liability on the ground that they committed the plan and

construction of the building to a competent architect and builder. They cite White v. Green, Tex.Civ.App., 82 S.W. 329, Acme Laundry Company v. Ford, Tex.Civ.App., 284 S.W.2d 745, and other authorities in support of their contention. We do not think such authorities are controlling here. The building was completed and the ceiling was installed in 1911. The building was then accepted by appellants and has been controlled by them exclusively since that time. An architectural engineer testified that the life expectancy of such a ceiling was from twenty to thirty years. If the witness was correct about that, the ceiling had exceeded its life expectancy from fourteen to twenty-four years. Besides, this is not a suit for damages caused by negligent construction of the building or the ceiling. The point is overruled.

The appellants contend that the issues as to whether they properly inspected and maintained the ceiling were the utlimate issues as to their negligence, and that upon the answers of the jury to those issues appellants were entitled to a judgment. They say those issues completely submitted appellee's case under the doctrine of res ipsa loquitur, and that the issues as to whether appellants provided a safe place and whether they should have braced or replaced the ceiling were superfluous and the findings on those issues do not deprive appellants of the right to a judgment or furnish a basis for a judgment for appellee. They insist, in the alternative, that if they are not entitled to have the judgment rendered in their favor, the cause must be remanded on the theory that the answers are mutually destructive. We believe that appellants' propositions may be determined by the determination of the question whether the findings are in such conflict as to destroy the verdict.

■ If the issues as to whether appellants furnished a safe place and whether they should have braced or replaced the ceiling had no place in the charge, the answers to them may be disregarded. It has

■

been held that a general finding of failure to provide a safe place must yield to findings that the defendants were not negligent in any of the specific acts or omissions which were alleged to have rendered the place unsafe. Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297. It is not thought that the rule so announced is applicable here. In the Harbin case, all the acts which allegedly rendered the place unsafe were found not to be negligent, and therefore the general finding of failure to furnish a safe place was held to be a conclusion of law with no support in the facts found. Had there been no finding in the case at bar that appellants were negligent in failing to brace or replace the ceiling, and had res ipsa loquitur not been invoked, the rule just noticed might have application. Here, all the alleged acts of negligence which it is claimed rendered the place unsafe were not found in favor of appellants. We cannot say that the findings that appellants properly inspected and maintained the ceiling have priority over the findings that they were negligent in failing to brace or replace the ceiling.

■ That the findings appear to be in conflict must be conceded. But it is the duty of the court to reconcile apparently conflicting findings if this can be done. Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Speer, Law of Special Issues, p. 561, sec. 432; 41–B Tex.Jur., p. 798, sec. 581. They must be considered in the light of the pleadings, the evidence, and other findings. Graham v. Hines, Tex.Civ. App., 240 S.W. 1015. If they admit of more than one reasonable construction, the court may apply that construction which it deems proper. Howard v. Howard, Tex. Civ.App., 102 S.W.2d 473, writ refused; First Nat. Bank of Amarillo v. Rush, Tex. Com.App., 246 S.W. 349; Republic Production Co. v. Collins, Tex.Civ.App., 41 S.W.2d 100. Two findings will be considered to be in conflict only when they oppose each other in such way that both cannot be true. Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252; Maddox v. Ellison, Tex.

Civ.App., 240 S.W.2d 398; Graham v. Dallas Ry. & Terminal Co., Tex.Civ.App., 165 S.W.2d 1002, writ refused; Getzwiller v. Fergeson, Tex.Civ.App., 145 S.W.2d 913; 89 C.J.S. Trial § 562, p. 323.

We have determined that appellee was an invitee in a building which was under the exclusive control of appellants. The ceiling fell and injured him. It is believed that his injury was such as would not ordinarily occur if appellants had used proper care. It was not expressly found by the jury just why the ceiling fell. It was not found that appellants failed properly to inspect or maintain the ceiling. It was not found that appellants were without negligence proximately causing the injuries.

■ It seems to be settled that where the thing which causes an injury without fault of the injured person is under the exclusive control of another, and the injury is such as in the ordinary course of things does not happen if the one having control uses proper care, the fact of the occurrence may support a finding of negligence. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Thompson v. Brown, Tex.Civ.App., 222 S.W.2d 442; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; McCray v. Galveston, H. & S. A. Ry. Co., 89 Tex. 168, 34 S.W. 95; Southwestern Telegraph & Telephone Co. v. Sheppard, Tex. Civ.App., 189 S.W. 799, writ refused; Washington v. Missouri, K. & T. Ry. Co. of Texas, 90 Tex. 314, 38 S.W. 764; Simmons v. Terrell Electric Light Co., Tex. Com.App., 12 S.W.2d 1011; Gulf, C. & S. F. Ry. Co. v. Dunman, Tex.Com.App., 27 S.W.2d 116, 72 A.L.R. 90.

"It is stated in 45 C.J. p. 1219, that the general rule as affecting burden of proof is that where plaintiff has established a presumptive or prima facie case of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence. The rule thus stated is firmly established in this state." Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664.

The ceiling was made of plaster on metal lath, which was nailed to wooden joists with fourpenny and sixpenny nails. The architectural engineer testified that such method is now completely abandoned, and that at the time the ceiling fell it had already outlived its expectancy by from fourteen to twenty-four years; that the ceiling weighed ten pounds per square foot, and with the passage of time the nails will rust and the wood will shrink away from the nails, and the nails will come out of the wood; that it is difficult and sometimes impossible to find evidence of leaks which have damaged plaster and will cause it to fall; he had known of an instance where a ceiling which had not been built in accordance with standard practices had fallen without any advance warning. There was evidence by other witnesses that there had been leaks in the ceiling. After the accident, the appellants not only replaced the ceiling where it fell, but they replaced the entire ceiling, which covered a large area.

It would seem that under the testimony and the authorities cited, the jury might reasonably infer that, due to the age of the ceiling, appellants were negligent in not bracing or replacing it before it had outlived its expectancy by from fourteen to twenty-four years, and that it was the weight of excessive years which caused the ceiling to fall, notwithstanding they did not find that appellants failed to use ordinary care in inspecting and maintaining it. There was evidence that ordinary care in inspecting might not reveal damaged conditions due to leaks. Ordinary care in "maintaining" such a ceiling might not be the full measure of appellants' duty. Findings are not mutually destructive if there is any reasonable explanation of seeming conflicts. Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, writ refused.

However this may be, we are convinced that appellee, having shown that he was injured by an instrumentality in the exclusive control of appellants, and that the occurrence was one which in the ordinary course of events does not happen if those in control exercise ordinary care, made a prima facie case under the doctrine of res ipsa loquitur; and it was for the jury to say whether appellants rebutted the presumption of negligence. Simmons v. Terrell Electric Light Co., Tex.Com.App., 12 S.W.2d 1011; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Thompson v. Brown, Tex.Civ.App., 222 S.W.2d 442; Montgomery Ward & Co. v. Scharrenbeck, Tex.Civ.App., 199 S.W.2d 830; Taylor v. Popular Dry Goods Co., Tex.Civ.App., 10 S.W.2d 191; Arnold v. Panhandle & Santa Fe Railway Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889.

■ Appellants introduced a tape recording of a broadcast of a basketball game made by appellee one night during the week of the trial. Evidently they were trying to show that appellee was still able to perform the duties of his calling or profession. Thereafter, appellee introduced a tape recording of a broadcast of a basketball game made by appellee some eight months before the accident and some twenty-three months before the trial. It was, no doubt, appellee's purpose to show that his performance before the accident was better than that which took place during the week of the trial. Appellants say that the recording introduced by them was not edited, corrected, or revised, and that it was not shown whether the recording introduced by appellee had been edited, corrected, or revised, and further that appellants had no opportunity to examine the person who recorded the broadcast. The jury found that $30,000 would be reasonable compensation for appellee's injuries. Appellants do not attack the verdict as excessive. If there was error in admitting the recording introduced by appellee, it would seem that it was harmless because it was material only on the issue of damages,

and it is not contended that appellee failed to show by competent evidence that he was damaged to the extent of $30,000. Rule 434, Texas Rules of Civil Procedure.

Believing there is no error, the judgment is affirmed.