**SWIFT & COMPANY, Relator,**

v.

**Honorable Hawthorne PHILLIPS, District Judge, et al., Respondents.**

No. 13365.

Court of Civil Appeals of Texas.

San Antonio.

May 21, 1958.

Rehearing Denied June 18, 1958.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for relator.

Coneway & Forrester, Gibbon, Klein & Ferrero, Harlingen, for respondents.

W. O. MURRAY, Chief Justice.

This is a petition for a writ of mandamus by Swift & Company against Hon. Hawthorne Phillips in his official capacity as Judge of the District Court of Cameron County, 107th Judicial District of Texas, and Howard Kutzenberger, E. S. Dietrich,

and Frank Grimsell Seed Company, a partnership composed of E. D. Giffen and Mrs. Ella Grimsell, a widow, seeking to compel said judge to enter a final judgment in Cause No. 33555–A, styled Howard Kutzenberger and E. S. Dietrich, Plaintiffs vs. Frank Grimsell Seed Company and Swift & Company, a corporation, Defendants, now pending in the District Court of Cameron County, 107th Judicial District of Texas.

The above cause went to trial on December 9, 1957, and on December 13th the jury returned its verdict answering the special issues. The verdict was received by the trial court, but no judgment was rendered thereon because the court was of the opinion that the answers of the jury were in irreconcilable conflict, and accordingly declared a mistrial. If there was such a conflict the trial court's action was proper, but if there was no such conflict the trial court should have rendered judgment.

The alleged conflict is between the jury's answers to Special Issues Nos. 1, 2, 3, 5, 6, 7 and 8, on the one hand, and their answers to Special Issues Nos. 16 and 17, on the other hand. The jury found, in effect, by their answers to Issues Nos. 1, 2, 3 and 5, that Swift & Company's Gold Bear Brand 44 Ester type Weed Control 2–4–D, could not be used with safety by following all precautions known to the user and the *directions* supplied by Swift & Company, and was therefore inherently dangerous; and by their answers to Issues Nos. 6, 7 and 8, found that Swift & Company was negligent in failing to have adequate *information* on the container of the product to inform Kutzenberger of the dangers in the use thereof, and that this was a proximate cause of plaintiffs' damage.

These findings were in favor of plaintiffs and would have supported a judgment for them, but for the fact that the jury, in answering Issues Nos. 16 and 17, convicted the plaintiff Kutzenberger of contributory negligence in failing to read *all the printed material* appearing on the can, which was a proximate cause of the damage.

Swift & Company manufactured and sold at least two kinds of weed killers, one known as "Ester Type" and the other as "Amine Type." Frank Grimsell Seed Company sold these products as retailer. Kutzenberger had previously purchased the "Amine Type" weed killer and had used it with satisfaction On the occasion in question he again attempted to purchase the "Amine Type," but was sold the "Ester Type." He was told by E. D. Giffen that it was the same type weed killer he had been purchasing and, without reading the printing upon the can, used it upon some grain and damaged his cotton crop growing nearby. After the damage appeared, both Kutzenberger and Giffen examined the can and found that weed killer was the "Ester" and not the "Amine" type.

■ It is our duty to reconcile the answers of the jury, if we can reasonably do so, and not permit the mistrial to stand, unless these answers are in such irreconcilable conflict as to destroy each other. Maddox v. Ellison, Tex.Civ.App., 240 S.W. 2d 398; Parker v. Texas & P. Ry. Co., Tex.Civ.App., 246 S.W.2d 950; Royal Crown Bottling Co. v. Smith, Tex.Civ.App., 254 S.W.2d 225; Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97.

■ It will be noted that with reference to Issues Nos. 1, 2, 3 and 5, the court used the term "directions," while with reference to Issues Nos. 6, 7 and 8, it used the term "adequate information on the container," and in reference to Issues Nos. 16 and 17, the court used the term "all of the printed material appearing on the one gallon can." The jury may have given a somewhat different meaning to these terms. The presumption is that the jury did not intend to return conflicting answers. The jury may have decided that the directions on the can were insufficient, but that if Kutzenberger had read all of the printed

matter appearing on the can, he would not have used the weed killer, because he would have discovered that it was not the same type that he had been using. These findings do not necessarily destroy each other, but they may be reconciled.

■ The jury having found the plaintiffs guilty of contributory negligence, the defendants had a right to have the trial court render a judgment on the verdict.

The trial court erred in not rendering judgment on the verdict of the jury, and accordingly relator's petition for a writ of mandamus will be granted, but inasmuch as we feel certain that the trial court will act in keeping with this opinion, the writ of mandamus will not issue at this time.

Respondents' cross-petition for a writ of mandamus in their favor will be overruled.