CASUALTY UNDERWRITERS V. UPSHUR RHONE ET AL.

No. 7362. Decided October 18, 1939.
(132 S. W., 2d Series, 97.)

*Touchstone, Wright, Gormley & Price,* of Dallas, for plaintiff in error.

Since there is competent testimony to show that at the time of the injury Rhone was under the direction of the superintendent of the Beaumont Development Corporation, the general contractor, without any knowledge of the subcontractor, McDaniel, that such testimony was sufficient to support the jury's finding that Rhone was an employee of the general contractor at the time of his injury and that the insurance carrier of said contractor was liable for the compensation. Waller v. Liles, 96 Texas 21, 70 S. W. 17; Abolowich v. Greenville Natl. Bank, 95 Texas 429, 67 S. W. 79; Morrison v. Western Union Tel. Co., 35 S. W. (2d) 215.

*Lamar Cecil, David C. Marcus, Barnes & Barnes* and *J. Austin Barnes,* all of Beaumont, and *Lightfoot, Robertson & Gano,* of Fort Worth, for defendant in error.

Where there is no evidence to the contrary and all the evidence shows affirmatively that the superintendent at the time and place in question, had authority to and did direct the employees of the subcontractor on the job it was not error to hold that the superintendent had that authority. Oilmen's Reciprocal Assn. v. Gilleland, 291 S. W. 197; Morse v. New Amsterdam Casualty Company, 30 Fed. (2d) 974; Aetna Life Ins. Co. v. Burnett, 283 S. W. 783.

Mr. Judge Hickman delivered the opinion of the Commission of Appeals, Section A.

This case was well stated and correctly decided by the Court of Civil Appeals. 110 S. W. (2d) 621. A somewhat condensed statement will be made here.

It is a compensation case. The principal question involved from the beginning of the litigation has been, from which of two insurance carriers the injured employee, Upshur Rhone, should recover. The answer to that question depends upon the answer to the further question of who was his employer at the time he sustained his injuries. Plaintiff in error Casualty Underwriters was the insurance carrier for C. H. McDaniel, and Traders and General Insurance Company was the insurance carrier for Beaumont Development Corporation. The latter, as general contractor, was engaged in the construction of a building in Beaumont. It sublet the steel frame work to McDaniel. Rhone had been in the general employment of McDaniel for more than fifteen years. J. P. McCarter was the foreman for Beaumont Development Corporation, and it was his duty to coordinate the work of the general contractor and the various subcontractors and to see that the building was erected according to the plans and specifications.

On the morning of the injury Rhone came to work for his regular employer, McDaniel. While engaged in the usual course of his employment he was instructed by McCarter to remove a steel joist which was in the way of the plumbing subcontractor and interfered with his work. The joist had been placed in the building by McDaniel's employees according to the plans. After Rhone had removed the joist and was starting to climb down a ladder he fell and was injured. Rhone joined both insurance carriers in the suit, and in the trial court judgment was rendered in his favor against Traders and General Insurance Company, based upon a jury finding that Beaumont Development Corporation, its insured, was the employer of Rhone at the time he sustained his injuries.

Traders and General Insurance Company perfected its appeal to the Court of Civil Appeals and Rhone likewise perfected his appeal, complaining of the action of the trial court in denying him a recovery against Casualty Underwriters. The Court of Civil Appeals at Beaumont held, as a matter of law, that Rhone was employed by McDaniel at the time he received his injuries, and accordingly rendered judgment that he take nothing against Traders and General Insurance Company, but that he recover against Casualty Underwriters.

Rhone did not file an application for writ of error. The application of Casualty Underwriters was granted because it appeared to the court that an issue of fact was probably presented.

■ A more careful study of the entire record than we were able to give it in considering the application for writ of error has led us to the firm conclusion that the Court of Civil Appeals correctly decided that Rhone was employed by McDaniel at the time he received his injuries, and that no issue of fact with respect to such employment was raised by the evidence. Since Casualty Underwriters was the insurance carrier for McDaniel, it follows, of course, that judgment was properly rendered against it.

There is some conflict in the evidence, but it is with reference to collateral matters. The essential facts are uncontroverted. Rhone was a steel worker who had been employed, as above noted, for more than fifteen years by McDaniel. The work of removing the steel joist was a part of McDaniel's work. It was placed by him in its position in the building according to the plans and specifications. In order to coordinate the work of the various subcontractors, McCarter ordered it to be removed. Its removal was a simple matter requiring not more than ten minutes of Rhone's time.

The plaintiff in error, Casualty Underwriters, presents the contention that McDaniel had loaned his employee, Rhone, to Beaumont Development Corporation, and that, therefore, during the few minutes in which he was engaged in removing this joist he was its employee. We approve the holding of the Court of Civil Appeals that this contention is not well taken. The fact that McCarter directed Rhone to remove this joist is of no particular significance. The work was that of Rhone's employer, McDaniel, and in performing same Rhone was working for McDaniel and not for Beaumont Development Corporation. There is no evidence that Rhone was loaned. He was engaged in the performance of work which his employer had contracted to perform and was injured while so engaged. Whether or not McDaniel was entitled to extra compensation for removing this joist, or whether or not he had authorized McCarter to direct his employees, are collateral questions not affecting the case.

■ The only testimony in the record which would in the least tend to support the conclusion that Rhone was working for the Beaumont Development Corporation was given by Rhone and McDaniel, each of whom testified that, at the time of the injury, Rhone was working for it. Those statements did not

amount to any evidence at all. They were but bare conclusions and therefore incompetent, and the fact that they were admitted without objection adds nothing to their probative force. Henry v. Phillips, 105 Texas 459, 151 S. W. 533; Webb v. Reynolds, (Com. App.) 207 S. W. 914; 17 Tex. Jur. 922, Sec. 416.

■ Complaint is made that there is an irreconcilable conflict in the verdict. Special Issue No. 9 was as follows:

"Do you find from a preponderance of the evidence that such loss of the use, if any, of plaintiff's right arm is permanent?"

Special Issue No. 10 was as follows:

"From a preponderance of the evidence fix the number of weeks, if any, from October 12, 1935, that plaintiff sustained the loss of the use of his right arm. Answer by stating the number of weeks."

The jury answered No. 9 "Yes," and No. 10 "49 weeks." The argument is made that the injury could not be permanent and at the same time be sustained for a period of 49 weeks only, and that, therefore, the issues conflict to such extent as to be mutually destructive. This contention is not sustained. The injury in question occurred on October 12, 1935, and the jury's answers to the special issues were filed on September 19, 1936. From October 12, 1935, until September 19, 1936, is 49 weeks, lacking one or two days. The question was not, "How long will plaintiff sustain the loss of the use of his arm?", but was "* * * fix the number of weeks, if any, from October 12, 1935, that plaintiff *sustained* the loss of the use of his right arm." (Italics ours.) It is not at all unreasonable to conclude that the jury construed the issue, not as an inquiry as to the probable duration of the injury in the future, but as an inquiry as to its past existence, and intended by the answer to find only that the loss of the use of the arm had continued from the date of the injury to the date its answer were returned. It will never be presumed that jurors intended to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled. This is elementary. Many authorities announcing the rule could be cited, but it is thought to be sufficient to refer only to 41 Tex. Jur. p. 1224, Sec. 360, where they are collated. The answers here complained of may be reasonably reconciled, and the assignment presenting this question is overruled.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 18, 1939.