TEXAS EMPLOYERS' INSURANCE AS-
SOCIATION, Appellant,

v.

Randolph R. BAKER et al., Appellees.

No. 6367.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 8, 1954.

Rehearing Denied March 22, 1954.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Merchant & Fitzjarrald, Amarillo, and Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

MARTIN, Justice.

This is a workmen's compensation case arising out of the same state of facts as detailed in Texas Employers' Insurance Association v. Brooks, Tex.Civ.App., 266 S.W.2d 260, writ refused, N.R.E. Appellee, Randolph R. Baker, recovered judgment against appellant, Texas Employers' Insurance Association, as insurer for J. Lee Milligan. There is no contention that appellee is not entitled to compensation nor as to the extent of his injuries. The principal controversy on appeal is between appellant and appellee, Employers Mutual Liability Insurance Company of Wisconsin. It is appellant's theory that although appellee was the employee of its insured that at the time of the accident he was the borrowed employee of Floyd W. Richards and that by reason of such fact Employers Mutual, as insurer for Richards, was liable for the compensation due appellee. The facts in the case will be discussed briefly in ruling on the eighteen points of error presented by appellant.

Appellant's Point 1 asserts that appellee is to be regarded as a special or borrowed employee of Floyd W. Richards and that the appellant, being the compensation carrier for Milligan alone, is not liable to pay the compensation due appellee by reason of his injuries. Appellant's Point 2 asserts that the jury finding that J. Lee Milligan was employer of appellee is against the overwhelming weight and preponderance of the evidence. Upon these two issues, the facts are essentially the same as detailed in the former opinion of this court affirming the trial court's judgment decreeing appellant to be liable to Winford D. Brooks as the employee of Milligan. However, on this appeal there is additional evidence in the record supporting the jury finding that appellee Baker was the employee of J. Lee Milligan. At the time appellee was injured he had just returned from inspecting the air compressor tank supplying the air hammers then in use by appellee Baker and the said Winford D. Brooks. In the discharge of this duty it is undisputed that appellee was acting solely

under the control and direction of J. Lee Milligan as to the preservation and care of Milligan's equipment used in the specific work in which appellee was engaged. It is likewise undisputed that Milligan hired appellee to perform this work, paid his wages for same, and deducted his withholding tax. Without further reviewing the detailed evidence in the cause, it is ruled that the same is sufficient to support the jury finding that J. Lee Milligan had the right to control and direct appellee both as to the work to be done and the manner in which it was to be done. Under this jury finding appellee was the employee of J. Lee Milligan and was not the borrowed employee of Richards. Appellant's Points 1 and 2 are overruled. Insurors Indemnity & Insurance Co. v. Pridgen, 148 Tex. 219, 223 S.W.2d 217; Casualty Underwriters v. Rhone, Tex.Com.App., 134 Tex. 50, 132 S.W.2d 97; Texas Employers' Ins. Ass'n v. Neely, Tex.Civ.App., 189 S.W.2d 626; Southern Underwriters v. Willis, Tex.Civ. App., 110 S.W.2d 252.

■ Appellant's Points 3 and 4 raise the issue that the trial court erred in excluding testimony of Milligan that if he had been asked about the particular work being done by appellee he would not have permitted it. Related to the evidence on this issue is other testimony with reference to why Milligan would have not permitted appellee to do the work he was doing and this testimony was also excluded. Since Milligan would have testified that if he had been asked about it he would have not permitted appellee to do the particular work in issue, it is evident that Milligan had the control and supervision of the appellee and could have removed him from the work at any time he saw fit. Appellant could not have been harmed in any event in the exclusion of this evidence since the record conclusively establishes that Milligan was the employer of appellee with the right to control and direct the appellee in the work and the consequent right to refuse to permit him to work. Appellant's Points 3 and 4 are overruled. Rule 434, Vernon's Texas Rules of Civil Procedure.

■ Appellant's Point 5 complains of testimony of Baker and his witness Brooks with respect to the absence of any conversation in which Milligan or Hunsucker told them that they were not working for Milligan on the particular wall which fell. This testimony was developed on cross-examination by Employers Mutual. This type of examination is not favored as it constitutes the same type of examination by which appellant sought to have Milligan testify as to what he would have done if he had been asked. All such types of examination are based on nonexistent facts and add nothing to the record but self-serving declarations. Such testimony is nothing more than pure speculation and a ruling permitting it would allow Milligan to testify without any restriction, other than the limit of his imagination, as to what he would have done under nonexisting fact situations and such a rule would likewise permit counsel for Employers Mutual to fill the record with inquiries as to nonexistent conversations. However, the questions asked of appellee concerning whether he had been told that he and Brooks were not working for Milligan in certain areas has at least some minor virtue in that it has remote bearing on whether Milligan had the right of direction and control over the appellee. Appellant and Employers Mutual both engaged in this type of examination and although the same is not favored does not constitute error of such a harmful nature as to require a reversal of the cause under Rule 434, Vernon's Texas Rules of Civil Procedure. Appellant's Point 5 is accordingly overruled.

■ Appellant's Point 6 complains of testimony by appellant's witnesses, Hunsucker and Milligan, on cross-examination by Employers Mutual, wherein they state the arrangement under which appellee was working was a subcontract handled just like any other contract. The testimony was not of such a nature as to mislead the jury and could not have prejudiced the appellant as such testimony was merely a shorthand summary of these witnesses' version of their relationship to the work in question

and to the general contractor, Richards. Appellant's Point 6 is overruled. Texas Employers' Ins. Ass'n v. Jones, Tex.Civ. App., 70 S.W.2d 1014; Schebesta v. Stewart, Tex.Civ.App., 37 S.W.2d 781.

Appellant's Point 7 asserts the court erred in permitting appellant's witness, Milligan, to testify on cross-examination by Employers Mutual that he had told the newspapers and others that Baker and Brooks were working for him and that he had made efforts to get the appellant insurer to take care of the injury claim. This point is overruled in that no harm could accrue to appellant through Milligan's testimony that Baker was his employee and that he had tried to get his insurer to take care of his claim. The record is replete with other evidence establishing conclusively that appellee was in fact such employee of Milligan and it is also clear from other evidence in the record that appellant was Milligan's insurer. Rule 434, supra. Further, the trial court instructed the jury not to consider such evidence and the same was not of such a prejudicial nature that the instruction of the court could not remove the effect thereof by such instruction. Linkenhoger v. Gilbert, Tex.Civ.App., 223 S.W.2d 308; Steinkamp v. Erwin, Tex.Civ.App., 249 S.W.2d 1012.

The court submitted to the jury the following issue in regard to whether appellee was the employee of Milligan or the borrowed employee of Richards, to wit: "In the doing of the particular work that Randolph R. Baker was engaged in at the time the wall collapsed, who, if anyone, do you find from the preponderance of the evidence had the right to control and direct the said Randolph R. Baker both as to the work to be done and the manner in which it was to be done? You will answer the preceding question as you find the facts to be from the preponderance of the evidence." The jury answered this issue, "J. Lee Milligan." The appellant objected to the submission of the above issue and further requested the submission of issues and definitions in the cause as to the status of appellee as a borrowed employee of Richards, all as pointed out by appellant's Points 8, 9, 10, 11, 12, and 13. The issue in the cause as to whether appellee Baker was a special or borrowed employee of Floyd W. Richards is determined by the facts as to who had the right to control and direct appellee both as to the work to be done and the manner in which it was to be done. The trial court in submitting the issue as above outlined properly presented the issue to the jury in the cause. The requested issues sought by appellant were mere shades and variations of the same issue and some of the requested issues were also evidentiary. Under the cases outlining the principle of borrowed employee as cited under Points 1 and 2 hereinabove, appellant's Points 8, 9, 10, 11, 12, and 13 are overruled.

Appellant's Point 14 asserts that appellee's counsel committed error in arguing the facts as to what Milligan was asserted to have told the newspapers and as to what Milligan was asserted to have told the association in that such argument was founded on hearsay. Following the making of such argument by appellee's counsel, the trial court instructed the jury that they were not to consider the testimony as to Milligan's statements aforesaid or give it any effect in arriving at a verdict in the case. The error was harmless both as to admission of the evidence and argument thereon as pointed out in the ruling under Point 7 hereinabove. This is particularly true in view of the fact that the court withdrew the evidence from the jury and instructed them not to consider the same for any purpose. The argument was not so inflammatory that any effect therefrom was not cured by the court's instruction withdrawing from consideration by the jury of the evidence at issue. Appellant's Point 14 is overruled.

Appellant's Points 15 and 16 complain of the argument of counsel for Employers Mutual. Such argument as considered objectionable here may be defined as a garbled discussion of the facts in the record as to the issue of borrowed employee but cannot be termed a discussion of the law or of the court's charge on the principle

of borrowed employee. This phase of the argument is not approved here but is not of such a prejudicial nature as to require a reversal of the cause. Under the liberal rules of construction given to workmen's compensation cases, any alleged errors committed solely by counsel for Employers Mutual should certainly be of such a harmful nature as to probably cause the rendition of an improper judgment in the cause before such are permitted to prejudice the rights of the appellee who was conclusively shown to be entitled to compensation insurance under the facts and such appellee found to be wholly without error on such issue. Rule 434, supra. Other elements of such argument as complained of are not objectionable as they constituted deductions from and argument on the facts in the record. Appellant's Points 15 and 16 are overruled.

Appellant and Employers Mutual were defendants as to appellee's cause of action. An examination of appellant's eighteen points of error reveals that practically all of the errors relied upon by appellant for a reversal of the cause either arose out of the borrowed employee controversy between appellant and Employers Mutual or out of errors alleged to have been committed by the attorney for Employers Mutual. In fact the error which appellant complains of as to appellee is that appellee argued certain facts to the jury as placed in evidence by Employers Mutual. It is an inescapable conclusion that if either the attorney for Employers Mutual or the attorney for appellant may be permitted by their conduct of the trial to prejudice the rights of the insured appellee herein and cause a reversal of the case, the insured employee could never recover. However, the record contains no evidence of a willful intent on the part of any of the parties or their attorneys to effect a reversal of the cause. But, aside from the conclusion expressed above since neither insurance company is making any contest of the issue that appellee is entitled to compensation nor as to the amount thereof, the alleged errors which appellant asserts that Employers Mutual committed in their contest as to which insurer should pay the compensation justly due the appellee are not of such a harmful nature as to require a reversal of the cause of action wherein appellee has conclusively established that he was the employee of the appellant. Rule 434, supra.

■ Appellant's Point 17 asserts the court erred in permitting the argument of Baker's counsel with respect to the fact he had not received any weekly compensation payments since his injury. Although objection was made to the argument, the evidence on which the argument was based was admitted without any objection on the part of either appellant or Employers Mutual. Since this fact was placed in the record in detail without objection, certainly no harm could arise from an argument upon the same evidence. Appellant's Point 17 is accordingly overruled.

■ Appellant's Point 18 complains that the trial court erred in permitting appellee and Employers Mutual to exercise separate sets of challenges to the jury. Appellee asserted his cause of action against both the appellant association and appellee, Employers Mutual. Had the evidence revealed appellee to be the loaned employee of Richards, Employers Mutual would have been liable for appellee's claim for compensation. The trial court properly allowed each of the three parties six peremptory challenges. Rule 233, Texas Rules of Civil Procedure. Alaga v. Stubblefield, Tex.Civ.App., 174 S.W.2d 627; Edwards v. West Texas Hospital, Inc., Tex.Civ.App., 107 S.W.2d 729; Gussett v. Nueces County, Tex.Com.App., 235 S.W. 857. Appellant's Point 18 is accordingly overruled.

The judgment of the trial court is affirmed.