**HOWSLEY & JACOBS et al., Appellants,**

v.

**Mrs. W. S. KENDALL et al., Appellees.**

No. 3738.

Court of Civil Appeals of Texas.

Eastland.

Feb. 8, 1963.

Rehearing Denied March 1, 1963.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellants.

W. B. Wright, Cisco, Scarborough, Black & Tarpley, Abilene, for appellees.

GRISSOM, Chief Justice.

Mr. W. S. Kendall, Sr., was an electrician with a place of business in Cisco. Mr. Andrew Howsley and Mr. Charles Jacobs resided in Albany. Jacobs was Howsley's son-in-law. They lived across the street from each other. They operated as partners under the name of "Howsley & Jacobs." On March 7, 1961, there was in the employment of the partnership a negro by the name of Robert Myers who was then 24 years of age. He had worked for the Howsleys since he was 8. When Jacobs married the Howsley's daughter, Howsley and Jacobs formed the partnership and employed Robert. He took care of the yards and worked around the houses of both partners, cleaned up around oil leases and did whatever either partner told him to do. For such services Robert was paid by the partnership and taxes were withheld and paid accordingly by the partnership. Mr. Kendall was employed to remove two air compressors from the basement of the Howsley home and take them to his place of business in Cisco, where he was to examine them and ascertain whether they could be repaired. They were heavy and it was agreed by Mr. Kendall and Mr. Howsley that Robert would be present and help remove the compressors from the basement and put them in Mr. Kendall's truck. For this purpose Howsley instructed Robert to be present when Kendall came for the compressors and instructed Robert to do what Kendall told him to do. Kendall and Robert went into the basement and did the preliminary work requisite to removing the compressors and then carried them out of the basement and put them in Kendall's truck. In removing the compressors oil leaked on the basement floor. What happened thereafter is in dispute.

Plaintiffs' witnesses testified in effect that Kendall had completed his work at the Howsleys but that he went back to the basement to see if he had left any tools; that, without his knowledge, Robert had cleaned the floor with gasoline near pilot lights burning under a water heater and an air conditioner and when Kendall returned to the basement there was an explosion. He was terribly burned and died about two days later. Defendants contend and their evidence was to the effect that Robert, under Kendall's instructions or acting with him, cleaned the floor with gasoline and as Robert was leaving the basement to get a hose to wash out the gasoline fumes the explosion occurred.

The suit was brought by Mr. Kendall's widow and son, W. S. Kendall, Jr., against said partnership and partners. Based on a jury verdict, judgment was rendered for the plaintiffs against the defendants for $50,000.00. All defendants have appealed. One brief is presented by the partnership and Jacobs. Another brief is presented by Howsley.

The jury found that (1) Robert washed the floor with gasoline near the burning pilots without warning Kendall and that this was negligence and a proximate cause of Kendall's death; that (4) Robert used gasoline to clean the floor without warning Kendall that he was going to do so and that

838

this was negligence and a proximate cause thereof; that (7) Robert was not then an employee of Kendall; that (9) Robert was then the employee of Howsley & Jacobs; that (10) on the occasion in question Robert was acting in the course of his employment for Howsley & Jacobs; that (10a) on that occasion Robert was not an employee of Kendall; that (11) Kendall did not instruct Robert to use gasoline to clean the floor; that (14) Kendall had not cleaned the floor with gasoline; that (17) Robert and Kendall did not clean the floor with gasoline; that (20) Kendall's failure to cut off the lighted pilots was not negligence and that (22) Kendall did not remain in the basement after he was warned of the presence of gasoline fumes.

Under the first seven points presented in the brief of the partnership and Jacobs it is contended that the court erred in refusing to hold, as a matter of law, that Robert was not acting in the course of his employment for the partnership; in refusing to hold that under the undisputed evidence Robert was acting for Kendall; in refusing to grant the partnership and Jacobs a new trial because Robert, as a matter of law, was not acting in the course of his employment for said partnership, or for Jacobs and that, as a matter of law, Robert was acting in the course of his employment as the loaned employee of Kendall and because, as a matter of law, Robert was not acting as an employee of Jacobs. The only evidence as to the business of the partnership came from Mr. Howsley who testified that he was in the oil, ranch and farming business. He was then asked whether he operated in the oil business as an individual or as a partnership and he answered, "in a partnership." He testified that Robert was employed by the partnership and carried on its payroll and paid by the partnership; that Robert worked as a domestic servant, yard man and chauffeur and cleaned up oil leases; that the partnership withheld taxes from Robert's pay and that Robert did whatever he or Jacobs told him to do; that Kendall was supposed to get the compressors out of the

basement and take them to Cisco to repair them.

With reference to what he was told about the fire Mr. Howsley testified: "And Mr. Kendall said: 'We've got to clean this thing up, and what have you got to clean it up with', and Robert said he had some gasoline out there and Mr. Kendall told him to get it and bring it down there and they would clean it up, and they were cleaning it up so he told me and Robert said the fumes got so bad that he told Mr. Kendall: 'I'm going to go get the hose and wash this thing out', wash the gasoline off the floor there, and he left and just as he got to the top of the stairway this explosion happened and he said blew him out into the yard." He testified that Mr. Kendall told him "I didn't use my head. Just wasn't thinking."

Robert Myers testified that he worked for the partnership of Howsley & Jacobs; that he worked around the Howsley and Jacobs' homes; that he did whatever he was told to do. He testified that on the morning before the fire on the afternoon of April 7th, that Mr. Howsley, in connection with telling him to be there when Mr. Kendall came for the compressors, instructed him to do whatever Mr. Kendall told him to do, and that he did what Mr. Kendall told him to do; that Mr. Kendall told him what to do about disconnecting the compressors and carrying them and putting them in Kendall's truck. He testified that after they had put the compressors in Kendall's truck, Mr. Kendall told him that they had to go back to the basement and wipe up the oil they had spilled on the floor; that they returned to the basement and used rags to wipe oil from the floor; that Mr. Kendall said the rags were not taking the oil off the floor and asked Robert if he had any gas and Robert told him he had some that he used in the lawn mower and he could get that and Kendall said, "Okey." Robert testified that he then got the gasoline and when he came back to the basement with the gasoline Kendall said to put some gasoline on the rags and wipe the oil off the floor and Robert did. Robert testified that at first he poured gaso-

line on the rags but that Kendall then poured gasoline on the floor, saying that it wasn't cutting the oil. Robert testified that the fumes were so bad he couldn't stay in the basement and as he got to the top of the stairs the gas exploded; that Kendall was crying for help and he got the water hose and squirted water on him and then got him by the hands and pulled him out of the fire.

From the foregoing, appellants conclude that Robert was doing nothing for the partnership and that he had become the special employee of Kendall and, therefore, judgment should have been rendered for .the partnership. Appellants contend that the evidence shows that Robert was acting in the course of his employment as a special employee of Kendall, as a matter of law; that, as a matter of law, Robert was not acting in the course of his employment for the partnership, or Jacobs, and, that if there is a question of fact relative to Robert's employment at the time, that it is as to whether Robert was in the course of his employment for Kendall or for Howsley. In support thereof they cite Magnolia Petroleum Company v. Francis, Tex.Civ.App., 169 S.W.2d 286 (Writ Ref.) and Hilgenberg et al. v. Elam, 145 Tex. 437, 198 S.W. 2d 94.

 In reply to said contentions, appellees point out that it is undisputed that at the time of the explosion Robert was an employee of the partnership; that while Robert was cleaning the basement with gasoline he was doing the kind of work he was employed by the partnership to do and the kind of work that he was in the habit of doing for the partners for a long time. Robert was the handyman of the partnership, he did what the partners told him to do. He had no specific duties. He worked in the yards of the partners. He did cleaning at their houses. He cleaned up around leases. It is undisputed that when Mr. Howsley told Robert to be present when Mr. Kendall came for the compressors that he told him to do what Mr. Kendall told him to do. But, it is likewise undisputed that Mr. Kendall requested Mr. Howsley to have Robert there, and he had him there, for the sole purpose of removing the compressors from the basement and loading them into Kendall's truck. They were too heavy for one man to remove and load. In removing and loading the compressors and in cleaning the basement Robert was doing the kind of work he was hired to do. There is no insinuation that anyone with sufficient strength to do that job would not have been equally satisfactory to Kendall. Robert was there to save his employer the cost of bringing another man from Cisco to help Kendall do the lifting. That was the only kind of work Howsley could have had in mind when he told Robert to be there and do what Kendall told him to do. Removal and loading of the compressors had been accomplished before the fire. Kendall had no duty to clean up the basement. That was the kind of work Robert was employed to do and the kind of work he was in the habit of doing. Of course, if Kendall helped Robert clean the floor with gasoline or directed Robert to clean the basement with gasoline he may have been precluded from recovery. But, the jury had the right to conclude, as it did, that Kendall did none of these things. It had the right to find, as it did, that, after the compressors had been removed from the basement and loaded into Kendall's truck, Robert, without Kendall's knowledge, used gasoline to clean the floor and that when Kendall returned to the basement to ascertain whether he had left any tools he was caught in the explosion of gasoline fumes. It was certainly not established as a matter of law that Robert was then an employee of Kendall. Hartford Accident & Indemnity Company v. Addison, 5 Cir., 93 F.2d 627, 629; Standard Oil Company v. Anderson (U. S. Supreme Court), 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480; Restatement of the Law of Agency, Section 227, page 501; Insurors Indemnity & Insurance Company v. Pridgen (Tex.Sup.), 223 S.W.2d 217; Light v. Heldt, Tex.Civ.App., 349 S.W.2d 271 (Ref. N.R.E.); Polanco v. Austin Bridge Company, Tex.Civ.App., 348 S.W.2d 728; Dempster Mill Mfg. Co. v.

**840**

Lester, Tex.Civ.App., 131 S.W.2d 254; 29 Tex.Jur. 132, 133; 29 Tex.Jur. 128; 35 Am.Jur. 971; Mercury Life and Health Company v. DeLeon, Tex.Civ.App., 314 S.W.2d 402 (Ref. N.R.E.); Texas Employers' Insurance Association v. Baker, Tex. Civ.App., 278 S.W.2d 419. We think the evidence did not raise a question of fact as to whether Robert, at the time of the use of gasoline and the explosion, was an employee of Kendall. Kendall was on the premises to get the compressors and take them to Cisco. Robert was present solely for the purpose of helping Kendall remove the heavy compressors from the basement and load them into Kendall's truck. This had been accomplished before gasoline was used and the explosion occurred. Kendall had no duty to clean the basement. That was the kind of work Robert was hired by the partnership to do and that was the kind of work he was in the habit of doing. However, if such an issue of fact was raised we think appellants were not injured by the manner the question was submitted. Texas Employers' Insurance Ass'n., v. Baker, 278 S.W.2d 419, 423 (Ref. N.R.E.); Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97, 99 and Traders & General Ins. Co. v. Rhone et al., Tex.Civ. App., 110 S.W.2d 621, 624; Texas Employers' Insurance Ass'n. v. Brooks, Tex. Civ.App., 266 S.W.2d 260 (Ref. N.R.E.).

Mr. Howsley's testimony that, after he had agreed with Mr. Kendall to have Robert present to help remove the compressors and load them into the truck, he instructed Robert to do what Kendall told him to do should have been admitted. However, we do not think appellants were injured thereby. Robert so testified without dispute. There was no attempt to contradict him as to that matter. He was not cross-examined about it. Such an instruction loses much of its force in view of the fact that Kendall asked for Robert to be there solely because the compressors were heavy and help was needed in removing them from the basement and putting them in Kendall's truck and the further undis-puted fact that Howsley had Robert there for that purpose alone. That purpose had been accomplished before gasoline was used and the explosion occurred.

We think the court did not err in admitting testimony of what Mr. Kendall said about how the fire occurred. The evidence was sufficient to show that the statements were made by the deceased soon after the fire, during intense suffering due to severe burns over most of his body and while he must have been conscious of impending death. We think his statements were res gestae and admissible.

We have considered all of appellants' points and have concluded that reversible error is not shown. The judgment is affirmed.