ACCEPTED
01-17-00988-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 3:02 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-17-00988-CV**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/25/2018 3:02:59 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON**

**IN THE INTEREST OF
J.I.T. AND J.A.T., CHILDREN**

**P.M.,
APPELLANT
VS.
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE**

**ON APPEAL FROM THE 311ᵀᴴ
DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**TRIAL COURT CAUSE NO. 2011-53185**

**REPLY BRIEF FOR APPELLANT P.M.**

**CONNOLLY & SHIREMAN, LLP**

**William B. Connolly
State Bar No. 04702400
Email: wbc@conlawfirm.com
2211 Norfolk, Suite 737
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile (713) 520-6644**

**ATTORNEY FOR P.M.**

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

REPLY POINTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RESPONSE TO APPELLEE'S STATEMENT OF FACTS . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     REPLY POINT ONE (RESTATED):  DFPS FAILED TO INTRODUCE
     LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO
     SUPPORT THE PROPOSITION THAT THERE WERE GROUNDS
     FOR TERMINATION OF PARENTAL RIGHTS.. . . . . . . . . . . . . . . . . . 6

     REPLY POINT TWO (RESTATED): DFPS FAILED TO INTRODUCE
     LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO
     SUPPORT THE PROPOSITION THAT TERMINATION OF PARENTAL
     RIGHTS WAS IN THE CHILD'S BEST INTEREST . . . . . . . . . . . . . . . 14

     REPLY POINT THREE (RESTATED): DFPS FAILED TO INTRODUCE
     LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO
     SUPPORT THE PROPOSITION THAT DFPS SHOULD HAVE NAMED
     AS MANAGING CONSERVATOR AND SUCH AN AWARD WAS
     AN ABUSE OF DISCRETION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# **TABLE OF AUTHORITIES**

## **Cases**

Casualty Underwriters v. Rhone, 134 Tex. 50, 123 S.W.2d 97 (1939). . . . . . . . . 2, 9

Edwards v. Dickson, 2S.W. 718 (Tex. 1886). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gulbenkian v. Penn, 252 S.W.2d 929 (Tex.1952). . . . . . . . . . . . . . . . . . . . . . . . 12

In re C.H., 89 S.W.3d 17 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

In re E.N.C., 384 S.W.3d 796 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9

In re J.F.C., 96 S.W.3d 256 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

In the Interest of G.M., 596 S.W.2d 846 (Tex. 1980) . . . . . . . . . . . . . . . . . . 13, 18

## **Statutes and Constitutional Provisions**

Tex. Const. Art 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Const. Art 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Fam. Code §153.131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S. Const. Amend 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

U.S. Const. Amend 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## REPLY POINTS

**REPLY POINT ONE:** DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT THERE WERE GROUNDS FOR TERMINATION OF PARENTAL RIGHTS

**REPLY POINT TWO:** DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT TERMINATION OF PARENTAL RIGHTS WAS IN THE CHILD'S BEST INTEREST

**REPLY POINT THREE:** DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT DFPS SHOULD HAVE NAMED AS MANAGING CONSERVATOR AND SUCH AN AWARD WAS AN ABUSE OF DISCRETION.

## SUMMARY OF ARGUMENT

In cases of child abuse and neglect, parents are asked to do services and address the reasons why the children came to the attention of the Department. Appellant had been charged with injury to a child. Everyone knew exactly what happened to the child. DFPS designed a service plan based upon what happened and the assumption that Appellant injured her son. It did not matter to DFPS whether Appellant admitted criminal conduct in order to design and implement a Family Plan of Service, parenting classes and therapy that would ensure that the children would be safe with Appellant if she completed the services that were necessary for her to obtain return of the children. Appellant accomplished everything requested of her,

DFPS represented to the Court that she had done so, the Court found that she had done so and no one requested that she do anything more or anything different. Once her criminal case was resolved, Appellant took full responsibility for the injury and fully explained what had occurred. DFPS and the Court should be estopped from imposing additional, unwritten, unspoken requirements as a condition for return of the children. The evidence being legally and factually insufficient to support the orders of the Court, the Decree should be reversed and rendered on both termination and conservatorship and Appellant's children should be returned to her.

## RESPONSE TO APPELLEE'S STATEMENT OF FACTS

Appellee has attempted to recast the testimony and evidence and ascribe allegations or opinions made in the underlying case or in a criminal proceeding as if they were somehow established facts in this proceeding. **(Appellee Brief 2, 3, 4, 14, 27, 42, 48, and 53)** These conclusions are speculation and conjecture and not evidence of abuse or neglect as to either of these children. Evidence to support termination must be based upon something other than surmise or speculation of harm. **In re E.N.C., 384 S.W.3d 796, 804 (Tex. 2012).** Conclusory statements, without factual support, are insufficient to support a judgment. **Casualty Underwriters v. Rhone, 134 Tex. 50, 123 S.W.2d 97, 99 (1939).** The mere fact that a referral was made to DFPS or that an allegation was made in a criminal case does not mean that

these allegations become established facts or evidence in this case. What some law enforcement officer asserted in a charging instrument establishes nothing other than allegation. Similarly, assertions of domestic violence against Appellant as a child or as an adult does not establish facts relevant to claims of abuse or neglect of these children. DFPS asserts investigations of reports of possible abuse or neglect, which DFPS, itself ruled out for abuse or neglect, is evidence of abuse or neglect. Moreover, statements of concerns by the Department in the Family Service Plan are assumed to be fact when they remain, simply that, statements of concern. The evidence clearly established, without equivocation, from the only eye witnesses and investigators that the children had not been previously subjected to abuse or neglect or other inappropriate discipline. **(Appellee Brief 27).**

On the other hand, DFPS does concede some very salient facts which do not support the judgment:

1. Penny had been a victim of domestic violence **(Appellee Brief at 2 and 19-20)**;

2. DFPS "ruled out" other referrals for suspected abuse or neglect **(Appellee Brief 4)**;

3. Appellant's historical discipline would be to give the children a chance, to not hit or spank the children but that sometimes he would get a spanking on his bottom and be told by Appellant to not do that again **(Appellee Brief at 7)**;

4.  That after Jimmy was injured, Appellant apologized to the child, said she was sorry and that she would never do that to him again **(Appellee Brief at 8)**;

5.  The Appellant warned the children about the dangers of playing with fire **(Appellee Brief at 10)**;

6.  That Appellant treated the burns at home, followed up with treatment at the Clinic and later with a burn specialist at the Hospital and was told that the burns were healing well and to continue treatment and only return if the child had fever or pain **(Appellee Brief at 10-11; 16)**;

7.  That Appellant was permitted by Court Order to visit her children but was deprived of those visits when DFPS repeatedly told Appellant and the trial Court that Appellant was prohibited from seeing her children by a Court Order in the criminal case even though there was no such Court Order **(Appellee Brief 13, 23-24, 34, 43 and 51)**;

8.  Penny completed her parenting class which addressed protective parenting **(Appellee Brief at 20-21)**;

9.  Appellant provided proof of her lease and employment **(Appellee Brief at 20)**;

10. It was reported to the Court before that Appellant had completed her services and the main barrier to not obtaining return of the children was her criminal case **(Appellee Brief at 22)**;

11. Appellant was granted a pre-trial diversion in her criminal case on July 12, 2017 without having to admit to injury **(Appellee Brief at 21)**;

12. The children expressed a desire to return to their parents and missed their mother **(Appellee Brief at 22-23)**;

13. Appellant did not give any form of statement to law enforcement **(Appellee Brief at 25)**;

14. Appellant did not have a history of abusing her children **(Appellee Brief at 27)**;

15. Appellant had been told not to discuss the details of the incident further by her criminal defense attorney **(Appellee Brief at 29)**;

16. Appellant took the child to the clinic to ensure that the wounds healed properly **(Appellee Brief at 29)**;

17. Appellant completed the requirements of her Family Service Plan **(Appellee Brief at 30)**;

18. Appellant's therapist recommended that she be reunified with her children **(Appellee Brief 30)**;

19. The children expressed desire to return to their mother **(Appellee Brief at 34)**;

20. The nurse at the East End Clinic never asked that the child's injuries be reported to DFPS by employees and nothing in the clinic records reflect a request of any kind for a referral of the case to DFPS for child abuse or neglect **(Appellee Brief at 34-35)**;

21. Appellant had maintained stable employment for the 18 months prior to trial **(Appellee Brief at 39)**;

22. Appellant spent time with the children in a domestic violence shelter after the boys' father damaged her home **(Appellee Brief at 40)**;

23. The child blew out the flames to the stove burners, gas was coming out, Appellant panicked, she did not intentionally burn the child, she was intending to just give him a spanking and thought of allowing the child to feel the heat but never intended to burn the child **(Appellee Brief at 40-41)**;

24. Appellant regretted her actions describing it as the "the worst thing I've done in my life" and she apologized to the child "for what I had done to him" **(Appellee Brief at 41)**;

25. DFPS reported that Appellant had completed all of her services. Appellant was never told that she had to tell the true story behind the child's injuries in order to complete her services and Roy never told her caseworker that Appellant had not properly completed her services **(Appellee Brief at 56)**; and

26. The DFPS worker who had the case for a majority of the time testified that the children missed their mother, she completed her services and that she would not be a future danger to the children **(Appellee Brief at 56-57)**.

## ARGUMENT AND AUTHORITIES

**REPLY POINT ONE (RESTATED): DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT THERE WERE GROUNDS FOR TERMINATION OF PARENTAL RIGHTS.**

DFPS, in its reply, without citation to Appellant's Brief suggests an argument by Appellant that was never made and then attempts to refute it. **(Appellee Brief at 62)**. Appellee claims that Appellant denied burning the child at trial. She did not deny it. To the contrary, she clearly articulated the facts, her intended discipline that went wrong, her accidental burn of the child and her home, clinic and hospital treatment of the child. **(Appellee Brief at 33-34)**. Appellee cites to the record claiming evidence in an Affidavit but no affidavit can be found at the place cited. **(Appellee Brief at 62)**. The testimony of Appellant is virtually identical to the original reports, to the findings and is consistent with what the police investigator (Bookman), CPS investigator (LaFleur), her supervisor, the 4 C's clinician (Hand), the conservatorship

worker (Mendez) and her supervisor (Dominguez) used to create the Family Service Plan. All of this was consistent with the therapy provided to Appellant. While there can be a disagreement as to whether Appellant actually intended to burn the child or whether the burn was an accident, the statements of the child and the testimony of Appellant are, in fact, the only persons who knew what happened and both gave consistent versions of what happened. It is true that Appellant was not criminally convicted. She was placed on a pre-trial diversion. Appellant described in detail how she did not intent to injure the child but that she burned the child's hand. **(Appellant's Brief 13)**.

There was no proof of a course of conduct that endangered the children. Termination under this section requires a continuing, voluntary course of action rather than a single act or omission by the parent. **In re E.N.C., 384 S.W.3d 796, 803 (Tex. 2012).** There was one isolated incident followed by medical care administered first in the home, then at a clinic and then at a hospital with a burn specialist. While the nurse did speculate that the initial infection *could* have been caused by Appellant's delay in coming to the clinic, this was not established as the actual cause of the infection. Nevertheless, Appellant treated the injury, took the child to the clinic, filled the prescription at the pharmacy and followed up with the Children's Memorial Hermann Hospital burn specialist. This latter doctor found that the burns

were healing well, no additional treatment was necessary and refused to give DFPS a statement supporting a claim of abuse or neglect.

Appellee also speculates about other abuse **(Appellee Brief at 64)** even though DFPS itself ruled out any claims of abuse. Moreover, Bookman testified that Appellant had no criminal history and no history of abuse and there were no instances that the children had been abused before. **(RR6:165)**. Edwards testified that DFPS had no other claims for possible harm to the children. **(RR10:95)**. Conjecture and speculation do not support a judgment. Subsequent evidence of a prior referral (that was ruled out as such by DFPS) that a child has a bump, bruise or scratch is not evidence of abuse. **(RR12:302)**. Moreover, DFPS speculates that sexual abuse occurred based upon a single statement in the entire record that a child reported "that he was touched by a male member in his parents home". **(RR12:302).** There was no testimony of any sexual abuse, no therapy noted to be related to any prior sexual abuse and no proof of any sexual abuse. There is no other testimony or evidence to explain what this statement meant, what it referred to, what kind of touching it was, where it occurred, when it occurred or who it was that touched him. There was no follow up and no context other than it had to be someone other than Appellant. There is no indication as to whether Appellant had any contemporaneous or subsequent knowledge of the statement or what it meant. The statement itself provides no sexual

content or any reference as to whether the contact was in any way sexual at all. Conjecture and speculation cannot and does not support a judgment. Evidence to support termination must be based upon something other than surmise or speculation of harm. **In re E.N.C., 384 S.W.3d 796, 804 (Tex. 2012).** Conclusory statements, without factual support, are insufficient to support a judgment. **Casualty Underwriters v. Rhone, 134 Tex. 50, 123 S.W.2d 97, 99 (1939).** It is no evidence at all. There is absolutely no evidence of a dangerous environment under (D) and judgment should be rendered in favor of Appellant. Likewise there is no evidence of a course of conduct under (E) sufficient to warrant termination and judgment should be rendered in favor of Appellant.

With respect to (O), Appellee confuses the record by asserting that Appellant was dishonest with her therapist. **(Appellee Brief at 66)**. However, there is a difference between Hand, the 4 C's clinician whom she saw one time at the beginning of the case and Leyzak whom she saw throughout the duration of her Family Service Plan. Appellee's record references are to Hand and not Leyzak. The whole purpose of the Family Service Plan and the services designed in this case was to provide Appellant with different parenting skills, protective intervention techniques, alternative anger management skills and coping skills. **(RR 9: 124-125)**. This was all done successfully and the therapist and DFPS caseworker recommended that the

children be returned home. **(RR 11: 74-75; 77)**. No one was misled in any way by Appellant's initial statements to Hand. They designed a plan to address each and every concern they had over a parent intentionally burning a child. **(RR11:48-49, 71, 72, 85; RR12:Pet. Ex. 5)**. They knew that Appellant had limitations on her ability to speak out in detail due to her pending criminal case. At the first opportunity she had after the criminal case was concluded, she told the story of what happened. This was at the trial. Her services were fully completed prior to the conclusion of her criminal case. The Judge found that she had completed her services in May of 2017. Her caseworker disappeared and did not inform her of the existence of the new worker. There were no Permanency Hearings or Permanency Conferences between May and the trial when she told the Court what had happened. **(RR 10: 31)**.

Appellee ignores the testimony of Hand, LaFleur, Mendez and Dominguez all of whom knew the ultimate facts of the case and all of whom designed a Family Service Plan with the assumption that Appellant burned the child's hand with a flat iron. **(RR11:48-49, 71, 72, 85; RR12:Pet. Ex. 5)**. DFPS requested Leyzak to provide therapy in conjunction with the Family Service Plan that they created using the assumption that Appellant intentionally burned the child. Appellant completed all of these services.

Instead, the Department relies upon the speculative opinion and conjecture of Edwards that Appellant treated the services "like a checklist" even though she never

met Appellant, never discussed the case or the facts with persons intimately involved and was not familiar with the file. Edwards admitted that her opinions in the case were not based upon the case file or having complete knowledge of the case or IMPACT. **(RR 10:31)**. This conjecture and speculation is not evidence. There is nothing in the Family Service Plan, nothing in the Court Reports and no evidence of any disclosure to Appellant that she was required to incriminate herself of a criminal act while she was pending prosecution for injury to her child. In fact, Johnson testified she would never have been required to admit criminal conduct and incriminate herself as a part of a family service plan. **(RR6:263-265)**. However, it was being secretly required by Edwards and Roy. **(RR7:57-60; RR 10:137)**. DFPS never told Appellant that this was a specific requirement of her services.**(RR 9:143; RR11:73)**.

The uncontradicted testimony was that the therapist worked out arrangement to therapeutically deal with the intentional act which resulted in the accidental injury without requiring an admission. This was well known to Mendez, Dominguez, Leyzak and everyone else that knew the details of the case. It was not well known to Roy and Johnson because they never even read the case file.**(RR6:261-262; RR7:14-18;RR 11 186-187;189-190)**. Every other person in case signed off on this process approved it and represented to the Court that it was sufficient. No one told her

otherwise.

This is a classic case where the principles of estoppel should apply. The Department created a Family Service Plan under the assumption that Appellant intentionally burned her child, Appellant completed those services, DFPS caseworkers and supervisors provided sworn testimony and reports to the Court that the services were completed and the Court made a finding that the services were completed. No additional services were requested. None of the facts had changed relative to how the child was injured. DFPS made representations that this is what you have to do and Appellant relied upon those representations to her detriment. Dominguez testified that when a parent completes the service on the Family Service Plan they should have their children returned to them. Every case worker presented to both Appellant and the Court that Appellant had done everything necessary under the Family Service Plan. DFPS and the Court should be estopped from imposing unwritten and unspoken requirements in order to claim that Appellant was unsuccessful in her compliance with the plan. Clearly there was a false representation or concealment of material fact that was made with knowledge on the part of DFPS but held in secret from Appellant, made with the intention that it be relied upon, which was clearly relied upon by Appellant to her detriment. This Court should soundly reject this position. **Edwards v. Dickson, 2S.W. 718,721 (Tex. 1886);**

**Gulbenkian v. Penn, 252 S.W.2d 929 (Tex.1952).**

This Court should disregard all secret, undisclosed requirements that DFPS employees were adding to the Family Service Plan. This Court should hold that a Court adopting a Family Service Plan can only enforce the actual Family Service Plan and should be estopped from super imposing additional unspecified requirements that were never disclosed to the parent. This is particularly evident in light of the testimony that DFPS would never require a parent to incriminate themselves in a Family service Plan.

The Department's argument fails because it is based entirely upon secrecy, speculation and conjecture. Moreover, it was entirely contradicted by the very DFPS employees and contractors that created and monitored and provided service to Appellant.

Affirming this decision would allow DFPS to operate with no standards, no transparency and secret requirements that would never have to be articulated to a parent. It would sanction the ability of the Department to arbitrarily change direction and goals, without accountability. There was no change in the facts or services. DFPS asserts that the mere change of employees within the Department is sufficient grounds for termination of the parent-child relationship. There is nothing in the statutes, constitutions or case law that permit this secrecy in order to achieve the goal of terminating a constitutionally protected parent-child relationship. **U.S. Const. Amend**

**5, 14**; **Tex. Const. Art 1, 19**; <u>**In the Interest of G.M.**</u>, **596 S.W.2d 846 (Tex. 1980).**

**REPLY POINT TWO (RESTATED)**: **DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT TERMINATION OF PARENTAL RIGHTS WAS IN THE CHILD'S BEST INTEREST**

Appellee states its best interest analysis with a claim that this Court held that the young age of a child renders the desires of the child neutral. **(Appellee Brief at 69)**. The case cited by DFPS to support this argument is an appeal of a Jury Verdict by a drug abusing parent that never discusses the age and desires of the child in its best interest analysis. The children in this case were 10 and 9 years old at the time of trial and the records reflect that they were more than capable of expressing their desires. Those desires were being adhered to by the therapist who was providing reunification therapy. Unfortunately, it was ignored by Edwards, Johnson and Roy. The cases cited by the Department are clearly distinguishable. **(Appellee Brief at 69-70)**. Those cases involved a drug abusing parent who used during pregnancy, after the case started and after drug treatment. It also involved evidence of incarceration for probation violations after the case started. In the other case, there was a parent with mental illness that refused to comply with her treatment requirements, self-medicated with illicit drugs, violated her safety placement agreements, was homeless and had a prior termination of parental rights. In this case we have no drug abuse, a parent that previously protected her children from the conduct of another parent and a parent

Reply Brief                                    14

who demonstrated that she effected positive changes through the completion of her services to the point she had recommendation of return of the children from the therapist and all of the people who designed her Family Service Plan.

The remainder of the Department's best interest analysis is devoid of citations to the record and any analysis of the facts or application of the facts to the law. There is no evidence that Appellant continued to exercise poor judgment or that she did not resolve her therapeutic needs. Appellant did everything she was requested to do and her therapist recommended that the children be returned to her. DFPS relies upon conjecture and speculation to arrive at the argument that Appellant did not do so. It came from witnesses who opined without reference to any of the case records or the people with first hand intimate knowledge of the case; who did not know Appellant and who decided that the case warranted termination irrespective of everyone's prior assertions to the Court.

Irrespective of the conjecture of Appellee's counsel, Appellant fully acknowledged what she did at the first opportunity given to her after the resolution of her criminal case. In doing so, she fully addressed the behaviors and incident in the manner that everyone at DFPS said was successful, sufficient and satisfactory. It was not until Appellant appeared at the Final Trial did Appellant hear that DFPS was asserting that she was unsuccessful in her services. None of the cases cited by Appellee in support of its best interest argument actually support termination under

the facts of this case.

Moreover, there was no evidence at all that DFPS could provide a prompt, permanent or safe home for the children. There was nothing prompt about the agency's efforts towards permanency. After over eighteen (18) months the behavior of the children deteriorated in foster care and the Department was proposing to move the children to a home relative to which there was not a single shred of evidence presented. There was no evidence as to whether it was permanent or safe. The trial Court knew absolutely nothing at all about the home except no one at DFPS had ever met the proposed foster family and they were selected because it was the only family that responded to the broadcast for placement.

In considering some additional factors in determining best interest, Appellant would show the following:

1. The children were of sufficient age and were capable of expressing their desires and speaking up for themselves;

2. Under DFPS the children were placed in multiple out of home placements where their condition deteriorated and DFPS was seeking to move them again to a family that no one at DFPS had ever met;

3. This was a serious burn in an isolated incident that had fully healed;

4. There were no incidences of reported harm after the initial report and intervention. In fact, there were multiple visits, without incident, prior to the breakdown of the initial kinship placement;

5. The children were not fearful of returning home and repeatedly expressed a desire to return home to their mother and family;

6. The results of all therapeutic interventions supported a return of the children;

7. While there was some history of prior abusive or assaultive conduct, the person involved lived out of state at the time of trial and had no access to the children's home;

8. There was no history of substance abuse by anyone who lived in or had access to the home;

9. The perpetrator of the harm was identified at the outset of the case;

10. Appellant sought out, accepted and completed all counseling services, cooperated with DFPS and the therapist chosen by DFPS under the close supervisor of her caseworker;

11. Appellant demonstrated to the DFPS caseworker and the therapist provided by DFPS that she had effected positive environmental and personal changes within a reasonable period of time;

12. Appellant demonstrated adequate parenting skills through the only means DFPS provided her during the course of the case, i.e. parenting classes and therapy; and

13. There was an adequate extended family support system as Appellant, her parents and relatives all lived in different houses on the same property. **(RR9: 73-74)**

The record reflects that Appellant satisfied all of the criteria of best interest considerations under **Holley v. Adams** and 100% of the additional statutory factors outlined in **§ 263.307** of the Texas Family Code. In light of this evidence, no reasonable fact finder could reasonably form a firm belief or conviction about the

truth of the state's allegations relative to termination being in the best interest of the children.  **In the Interest of G.M., 596 S.W.2d 846, 847 (Tex. 1980); In re J.F.C., 96 S.W.3d 256, 265 (Tex. 2002); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).**

Accordingly, the Decree for Termination should be set aside and the case should be reversed and rendered on the issue of termination of the parent-child relationship and the children should be returned to Appellant. In the alternative, the case should be reversed and remanded for a new trial.

**REPLY POINT THREE (RESTATED): DFPS FAILED TO INTRODUCE LEGALLY AND FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE PROPOSITION THAT DFPS SHOULD HAVE NAMED AS MANAGING CONSERVATOR AND SUCH AN AWARD WAS AN ABUSE OF DISCRETION.**

A decision on conservatorship is an abuse of discretion where it is arbitrary and unreasonable, such is the case here. Despite Appellee's singular assertion on one (1) page of its brief made without support of any analysis or citation to the record, **(Appellee Brief at 73-74)** there is no evidence, pattern or history of child abuse or neglect in this case. There was no evidence that the appointment of Penny as Managing Conservator would significantly impair the physical health or emotional development of the children. **Tex. Fam. Code §153.131.** A historically protective and appropriate mother panicked after her child engaged in an act that endangered the lives of everyone in the family, in the  household and on the adjoining property. She

attempted a traditional and not inappropriate discipline of letting a child know that heat can burn, but it went horribly wrong and she ended up burning her child. She apologized, expressed remorse and despite her greatest fear took her child in for medical care. She followed up on the medical care and was on track for reunification under FBSS until the placement broke down. The facts never changed. Everyone knew what they were. DFPS designed a plan of service with the specific understanding that Appellant did not have to admit to criminal conduct in order to successfully complete the plan. It was arbitrary and an abuse of discretion to terminate her rights and remove her from conservatorship based upon some secret unspoken conditions thought up by a supervisor who decided that her rights should be terminated long before the trial commenced, without reference to any of the information from others or the file.

Accordingly, the portion of the Decree awarding DFPS Managing Conservatorship of the children should be reversed, this Court should enter the judgment that the trial court should have entered by appointing Appellant as the Sole Managing Conservator of the children.

## CONCLUSION AND PRAYER

Appellant prays that this Court find that DFPS failed to meet its burden of proof on termination of parental rights and managing conservatorship, enter the Judgment that the trial Court should have by reversing and rendering and reuniting

Appellant with her children. In the alternative, Appellant request that the Court reverse and remand for a new trial.

Respectfully submitted,

CONNOLLY & SHIREMAN, LLP

/s/William B. Connolly
William B. Connolly
State Bar No. 04702400
Email: wbc@conlawfirm.com
2211 Norfolk, Suite 737
Houston, Texas  77098
Telephone (713) 520-5757
Facsimile (713) 520-6644

ATTORNEY FOR APPELLANT

## **CERTIFICATION**

I, William B. Connolly certify that this First Amended Appellant's Brief was prepared with WordPerfect 17, and that, according to that program's word-count function, the sections covered by Tex. R. App. P. 9.4(i)(1) contains 4,580 words.

/s/William B. Connolly
William B. Connolly

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Reply Brief for Appellant P.M. was forwarded to:

Michael R. Hull, Attorney for Department of Family and Protective Services,

*via email: michael.hull@cao.hctx.net;*

Valeria Lee Brock, Attorney for Appellee R. T., *via email at valeria.lee.brock@gmail.com;* and

JB Lee Bobbitt, Attorney Ad Litem for the Children J. I. T. and J. A. T., *via email at jb@bobbittlegal.com.*

on May 25, 2018.

/s/William B. Connolly
William B. Connolly